**Harold A. COX, Warden of the New Mexico State Penitentiary, Appellant,**

v.

**James A. RABURN, Appellee.**

**No. 7154.**

United States Court of Appeals
Tenth Circuit.

Feb. 12, 1963.

Thomas A. Donnelly and George Richard Schmitt, Asst. Attys. Gen. (Earl E. Hartley, Atty. Gen., State of New Mexico, on the brief), for appellant.

Albert B. Wolf, Denver, Colo., for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This habeas corpus proceeding was brought by appellee-defendant Raburn who was confined in the New Mexico State Penitentiary pursuant to judgments of courts of that state. A confused and unsatisfactory record shows that Raburn was held under three commitments, identified respectively as Nos.

2463, 2493, and 5012. At the time of the application he was serving under Nos. 2463 and 2493, the terms of which ran concurrently. He attacked the validity of his detention under these two [1] and the trial court sustained the writ but remanded him to custody to serve the term imposed in No. 5012.[2] The warden contends that the writ was issued improvidently because the prisoner had not exhausted his state remedies as required by 28 U.S.C. § 2254. We agree.

After groping through the record without the assistance of any findings by the trial court, we find the facts to be these. In No. 2463 the prisoner was charged with auto theft, entered a plea of nolo contendere, and received a suspended sentence. While at liberty under that suspended sentence, he was charged with a later offense, grand larceny, and apparently entered a plea of guilty in No. 2493. The suspension of sentence was revoked and he received sentences in Nos. 2463 and 2493 which ran concurrently. He thereafter filed a petition for habeas corpus or mandamus, the record is unclear, in state court. The grounds for relief asserted therein do not appear in the record. In December, 1960, he was placed on parole and after consultation with the lawyer appointed by the state court in the habeas corpus case, he voluntarily dismissed that case.

On April 17, 1961, prisoner was sentenced in No. 5012 on a charge of auto theft. His parole in Nos. 2463 and 2493 was revoked at some date which does not appear in the record.

Prisoner made three applications to the New Mexico Supreme Court.[3] The first two of these, Raburn v. First Judicial District Court, Santa Fe County, 69 N.M. 88, 364 P.2d 145, and Raburn v. Cox, 69 N.M. 117, 364 P.2d 597, were dismissed, on August 21 and September 15, 1961, respectively, because of the voluntary dismissal of the district court proceedings. The third, Raburn v. State, 69 N.M. 192, 365 P.2d 62, was dismissed on October 11, 1961, because of the failure of the petition to state facts sufficient to warrant habeas corpus.

■ The power of a federal court to grant habeas corpus to a person in custody under a judgment of a state court is limited by the requirement of 28 U.S.C. § 2254 that available state remedies must be exhausted.[4] That requirement has not been met in the case at bar. Although no direct appeal was taken from the judgments of conviction which are now attacked, the prisoner had the right under New Mexico law to bring habeas corpus in the state courts.[5] The New Mexico practice requires application to a district court for habeas corpus before an original proceeding may be brought in the New Mexico Supreme Court.[6]

■ The record does not disclose the points raised by the prisoner in the state district court habeas corpus and we are unable to determine whether the grounds for relief now urged were presented to the state court. When grounds urged for federal habeas corpus relief may be but are not presented to a state court, the state remedies have not been

---

1. The grounds for relief asserted in the petition were coercion of plea in No. 2463 and lack of jurisdiction over the offense and sufficiency of the information in No. 2493. Appointed counsel urges the failure to provide counsel in No. 2493 and at the time of the revocation of the suspension of sentence in No. 2463. The suggestion is made that in No. 2493 no plea of guilty was entered.

2. The trial court held the imprisonment under Nos. 2463 and 2493 to be unlawful but found no facts and gave no reasons for its conclusions.

3. The record does not disclose the claims asserted in any of these applications.

4. Litchfield v. Tinsley, 10 Cir., 281 F.2d 486, 488. See also Irvin v. Dowd, 359 U.S. 394, 404–405, 79 S.Ct. 825, 3 L.Ed. 2d 900 and Brown v. Allen, 344 U.S. 443, 487, 73 S.Ct. 397, 97 L.Ed. 469.

5. N.Mex.Const. Art. VI, § 3; N.M.Stats. 1953, §§ 22–11–1 to 22–11–37.

6. Ex parte Nabors, 33 N.M. 324, 267 P. 58, 59. See also In re Forest, 45 N.M. 204, 113 P.2d 582.

858

exhausted.[7]  The state district court habeas corpus was dismissed by counsel for the prisoner with the knowledge and acquiescence of the prisoner.  The subsequent denials of original proceedings in the State Supreme Court conformed with the state practice and do not detract from the availability of a state court remedy.  No showing is made that the state remedy is ineffective to protect the rights of the prisoner.  In the absence of some interference or incapacity, a failure to use a state's available remedy bars federal habeas corpus to a person in custody under a state judgment.[8]

Reversed.

7. Vasser v. Raines, 10 Cir., 274 F.2d 369, 371–372, certiorari denied 362 U.S. 982, 80 S.Ct. 1069, 4 L.Ed.2d 1016.

8. Brown v. Allen, 344 U.S. 443, 487, 73 S.Ct. 397, 97 L.Ed. 469.