UNITED STATES FIDELITY & GUARANTY COMPANY
v. KENOSHA INVESTMENT COMPANY.

1. DECLARATORY JUDGMENT—SUBSTITUTE ACTION.
Declaratory judgment proceedings are not a substitute for regular actions nor designed to constitute a court a fountain of legal advice.

2. SAME—QUESTION OF FACT.
A declaration of rights will ordinarily be refused, where it is necessary first to have a judicial investigation of disputed facts which might otherwise be had in a regular action.

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur, Declaratory Judgments § 7.
  Declaration of rights or declaratory judgments.  87 ALR 1205.
[2] 16 Am Jur, Declaratory Judgments § 20.
  Declaration of rights or declaratory judgments.  87 ALR 1205.
[3] 16 Am Jur, Declaratory Judgments § 1 et seq.
  Declaration of rights or declaratory judgments.  87 ALR 1205.
[4] 16 Am Jur, Declaratory Judgments § 14.
[5] 16 Am Jur, Declaratory Judgments § 35.
  Application of declaratory judgment acts to questions in respect of insurance policies.  142 ALR 8.

3. Same—Final Judgment.

A declaratory judgment proceeding may not be maintained, where no final judgment may be rendered.

4. Same—Discretion of Court.

The granting of declaratory relief is discretionary.

5. Same—Fire Insurance—Question of Fact—Discretion of Court.

Relief by way of declaration of rights was properly denied insurer under its fire insurance policy covering 4 structures owned by defendant, where latter had commenced action at law against plaintiff in which plaintiff herein will have an opportunity to present the question of its liability, its liability is a matter for determination in an action at law, and declaratory relief is discretionary.

Appeal from Wayne; Moynihan, Jr. (Joseph A.), J. Submitted February 6, 1963. (Calendar No. 52, Docket No. 49,796.) Decided March 7, 1963.

Bill by United States Fidelity & Guaranty Company, a Maryland corporation, against Kenosha Investment Company, a Michigan corporation, for declaration of rights under its fire insurance policy. Bill dismissed. Plaintiff appeals. Affirmed.

*Earl D. Ross,* for plaintiff.

*Jack N. Tucker,* for defendant.

Kavanagh, J. This is an appeal from an order dismissing plaintiff's bill of complaint seeking a declaratory judgment construing an insurance policy issued by plaintiff to defendant.

Defendant owned property on East Eight Mile road in the city of Detroit. On September 22, 1960, plaintiff issued to defendant its policy of fire insurance in the amount of $30,000. The policy insured 4 buildings as follows:

1. $ 5,000 on a 2-story frame building
2. $ 5,000 on a 1-story frame building
3. $10,000 on a 1-story frame building
4. $10,000 on another 1-story frame building.

It is plaintiff's claim that its policy insured 4 separate buildings, but that instead of issuing 4 policies each covering a separate building, for convenience the coverage was all placed in 1 policy. One of the buildings was destroyed by fire—the 1-story frame building shown as item number 2 on the policy.

Plaintiff insurance company denied liability for $30,000, as claimed by defendant, and tendered to defendant the·sum of $5,000. This was refused, and plaintiff filed this bill of complaint for a declaratory judgment, seeking construction of its policy.

Plaintiff's bill of complaint was filed on June 8, 1961. On July 18, 1961, defendant filed a motion to dismiss the bill of complaint claiming that whether plaintiff is indebted to the extent of $30,000 or $5,000 is a question of fact to be determined by court or jury in a law action which had been filed by defendant in the circuit court. Attached to the motion was a copy of the declaration in the law action. Defendant's law action was commenced on July 11, 1961, 5 weeks after the bill of complaint was filed.

Defendant's motion to dismiss was denied with prejudice.

Upon denial of its motion to dismiss, defendant filed its answer in this action; and on September 26, 1961, plaintiff filed a motion for declaratory judgment.

On October 23, 1961, defendant filed its answer to the motion for declaratory judgment. On March 9, 1962, the trial judge filed an opinion denying the motion for declaratory judgment and *sua sponte* set aside his order of July 27, 1961, denying the

motion to dismiss, and granted the motion to dismiss the bill of complaint.

From the order dismissing the bill of complaint, plaintiff appeals.

Plaintiff raises these questions on appeal:

1. Is there a question of fact in this action as to the terms of the policy?

2. If there is a question of fact, is the court deprived of jurisdiction to hear a declaratory judgment action?

3. Does the plaintiff have an adequate remedy to raise the issue of the amount of its liability in the action started by defendant on the law side of the court?

It is the contention of plaintiff that in the absence of any ambiguity in the policy, testimony is not admissible to determine the intentions of the parties or the meaning of the language used. Plaintiff maintains there is no ambiguity in this policy, and therefore the fact questions which are raised by defendant in its answer to the bill of complaint are immaterial to the construction asked for in the petition for declaratory judgment. As a consequence, plaintiff contends it is entitled to have its declaratory judgment without interference by defendant's law action.

Defendant claims its answer to plaintiff's bill for declaratory judgment raises questions of fact which must be resolved by a jury in a determination of the liability of plaintiff. These same questions of fact are set forth in defendant's declaration in the law action. The law action is brought against United States Fidelity & Guaranty Company, an insurance agent, and an insurance broker, who allegedly, working together, deprived Kenosha Investment Company of the amount of insurance it ordered.

In *Koebke* v. *LaBuda,* 339 Mich 569, plaintiff filed a declaration seeking a decree setting forth her rights in the life insurance proceeds of a policy

carried on her husband's life.   Justice DETHMERS, writing for the Court, said (p 571):

"The only allegations of fact relative thereto are that decedent's life was insured; that during the marriage defendant acquired a beneficial interest therein and was named as beneficiary; that during pendency of the divorce proceedings decedent was restrained from changing the beneficiary; that both plaintiff and defendant claim rights therein and that an actual controversy exists between them concerning the same.   Such allegations afford no factual basis whatsoever for a determination of rights in plaintiff to the life insurance proceeds."

The Court held (p 573):

"Declaratory judgment proceedings are not a substitute for an accounting suit or for regular actions, nor designed to 'constitute a court a fountain of legal advice.' "   (Citing cases.)

This Court affirmed the dismissal of the declaratory judgment proceedings in the trial court.

In *Brown* v. *Brodsky,* 348 Mich 16, 20, Justice CARR restated the rule:

"The principle is well settled that the statutory proceeding for a declaratory judgment or decree was not designed as a substitute for other legal actions." (Citing cases.)

*Rott* v. *Standard Accident Insurance Co.*, 299 Mich 384, 388, quoted with approval the following language from *Washington-Detroit Theatre Co.* v. *Moore,* 249 Mich 673, 678 (68 ALR 105), stating the rule where fact questions are presented in a suit for declaratory judgment:

" 'Ordinarily the court will refuse a declaration which can be made only after a judicial investigation of disputed facts, especially where the disputed ques-

tions of fact will be the subject of judicial investigation in a regular action.'"

In *Wolverine Mutual Motor Ins. Co.* v. *Clark,* 277 Mich 633, 637, this Court said:

"Both remedies are at law, with right to trial by jury. Plaintiff's defense is legal, has no equitable features, and may be made in either law action as completely as it could be made in the present proceeding."

The Court went on to say (p 638):

"Other reasons suggest themselves for denial of jurisdiction in the discretion of the court but they need not be discussed.

"We hold that plaintiff may not maintain the proceeding in equity because its claim is legal, that the proceeding will not lie in either law or equity because plaintiff has an adequate remedy of defense in the regular law actions to which it may be subjected, and because no final judgment may be rendered."

In the late case of *Molinaro* v. *Driver,* 364 Mich 341, 354, this Court said:

"It is the general rule that the granting of declaratory relief is discretionary." (Citing cases.)

In view of the fact that plaintiff's claim is legal, and in view of the fact that declaratory judgment proceedings are discretionary, and since plaintiff will have its opportunity to present the question of its liability in the law action, we conclude the court did not err in holding that plaintiff was not entitled to maintain the equitable declaratory judgment action.

The order dismissing the motion for declaratory judgment and the order dismissing the bill of complaint are affirmed. Defendant shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.