Grover A. GILES and J. J. Ferrin, Appellants,

v.

Helen MERRILL, Appellee.

No. 7324.

United States Court of Appeals Tenth Circuit.

Sept. 24, 1963.

———◇———

Ronald N. Boyce, Chief Asst. Atty. Gen. (A. Pratt Kesler, Atty. Gen., was with him on the brief), for appellants.

D. A. Skeen, Salt Lake City, Utah, for appellee.

Before LEWIS, HILL and SETH, Circuit Judges.

PER CURIAM.

The appeal is from an order of the lower court granting appellee, Merrill, a writ of habeas corpus releasing her from the custody of certain Utah state officials who were acting to extradite Merrill to the State of Wyoming.

Merrill makes no attack upon the Utah statutes on extradition as violative of the Federal Constitution, but, contends that the statutory procedure provided for was not followed and, therefore, she was not afforded due process under the Fourteenth Amendment. It is conceded that no proceeding was had in the state courts to procure Merrill's release from the alleged unlawful detention and no claim is made that there is an absence of available State corrective process.

Habeas corpus jurisdiction in the Federal court system arises by statutory grant and, as pointed out by appellee, extends to persons " * * * in custody in violation of the Constitution * * *" of the United States.[1] The statute also conditions jurisdiction in

1. 28 U.S.C. § 2241(c) (3).

cases where the petitioner is being held pursuant to the judgment of a state court.[2] This statutory provision requires an exhaustion of available state court remedies [3] or a showing that there are no such remedies available before the Federal Court may grant a writ of habeas corpus.[4] This statutory requirement of exhaustion of state remedies applies to extradition proceedings.[5]

 The trial court was without jurisdiction to entertain Merrill's Petition for a Writ of Habeas Corpus and the orders made pursuant thereto are a nullity. The judgment granting the Writ and other relief is reversed and the case is remanded with directions to dismiss the same.

2. 28 U.S.C. § 2254.

3. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

4. Cox v. Raburn, 10 Cir., 314 F.2d 856.

5. Dye v. Johnson, 338 U.S. 864, 70 S.Ct. 146, 94 L.Ed. 530; Tickle v. Summers, 4 Cir., 270 F.2d 848.