STRAGER v. WAYNE COUNTY PROSECUTING ATTORNEY.

1. DECLARATORY JUDGMENT—ACTUAL CONTROVERSY.

Any circuit court of this State may declare the rights and other legal relations of any interested parties seeking a declaratory judgment, where there is an actual controversy within the court's jurisdiction, whether or not other relief is or could be sought or granted (GCR 1963, 521.1).

2. SAME—ADEQUATE REMEDY.

The existence of another adequate remedy does not preclude a judgment for declaratory relief (GCR 1963, 521.3).

3. SAME—VALIDITY OF CRIMINAL STATUTE—BUSINESS PRACTICES.

A plaintiff may obtain declaratory relief concerning a statute regulating his business practices even though the statute provides a criminal penalty for its violation (GCR 1963, 521.3).

4. SAME—VALIDITY OF CRIMINAL STATUTE—ARREST.

A function of the declaratory judgment procedure is to afford a businessman a test of the validity of a criminal statute regulating business practices without his having first to be arrested (GCR 1963, 521).

5. SAME—CRIMINAL PROCEEDINGS.

An action for declaratory judgment to test validity of a criminal statute may not be maintained after criminal proceedings have been commenced under it (GCR 1963, 521).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Declaratory Judgments §§ 10, 75.
[2] 22 Am Jur 2d, Declaratory Judgments §§ 14, 15.
[3–5] 22 Am Jur 2d, Declaratory Judgments § 28.
Validity, construction, and application of criminal statutes or ordinances as proper subject for declaratory judgment. 10 ALR3d 727.
[6] 22 Am Jur 2d, Declaratory Judgments §§ 14, 74–78, 100.
[7] 22 Am Jur 2d, Declaratory Judgments § 101.

6. SAME—INJUNCTION—STATUTES.

Action by plaintiff seeking judgment declaring certain provisions of a statute unconstitutional and injunction against the county prosecutor to keep him from enforcing it, after receiving letter from prosecutor advising him that they had received the complaint charging him with violation of the statute *held,* not premature where his business is directly and substantially affected by the statute and an actual controversy is presented (PA 1965, No 332; GCR 1963, 521).

7. COSTS—PUBLIC QUESTION—STATUTES.

No costs are allowed on appeal from dismissal of declaratory judgment action to declare certain provisions of home improvement finance act unconstitutional, a public question being involved (PA 1965, No 332; GCR 1963, 521).

Appeal from Wayne; Burdick (Benjamin D.), J. Submitted Division 1 June 7, 1967, at Detroit. (Docket No. 2,453.)   Decided March 25, 1968.

Complaint by Nathan Strager doing business as Best Home Modernization Company, against Wayne Prosecuting Attorney, for declaratory judgment that certain provisions of PA 1965, No 332 are unconstitutional. Defendant's motion for summary judgment granted. Plaintiff appeals. Reversed and remanded.

*Franklin & Harris (Michael M. Grand,* of counsel), for plaintiff.

*Samuel H. Olsen,* Prosecuting Attorney, and *Aloysius J. Suchy, David E. Flayer, Avery Weiswasser,* and *David R. Kaplan,* Assistant Prosecuting Attorneys, for defendant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stanley D. Steinborn, Edwin M. Bladen,* and *Stewart H. Freeman,* Assistant Attorneys General, for intervening defendant.

LEVIN, J.  The plaintiff, Nathan Strager, doing
business as Best Home Modernization Company,
appeals the trial judge's order dismissing his com-
plaint.  The complaint sought a judgment declaring[1]
that certain provisions of the home improvement
finance act[2] exceed "the purpose and entitlement of
the act" and being "arbitrary, capricious and un-
reasonable" are contrary to provisions of both the
Federal and State Constitutions.  The complaint
also sought injunctive relief.

On February 2, 1966, the Wayne county prose-
cutor's office wrote to the plaintiff,[3] advising that
an informal complaint had been received charging
him with violation of the statute.  This letter re-
quested plaintiff to call at the prosecutor's office
on February 16, 1966, and to bring with him certain
records.

The plaintiff's complaint was filed in the circuit
court on February 7, 1966.  The plaintiff admitted
in his complaint that he had operated his business
in violation of provisions[4] of the statute since its
effective date, January 1, 1966.  The statute declares
that willful violation of any of its provisions is a

[1] "In a case of actual controversy within its jurisdiction, any
circuit court of this State may declare the rights and other legal
relations of any interested party seeking a declaratory judgment,
whether or not other relief is or could be sought or granted." GCR
1963, 521.1.

[2] PA 1967, No 332, effective January 1, 1966 (MCLA § 445.1101
[Stat Ann 1968 Cum Supp § 19.417 (101)]).

[3] The complaint was filed by Nathan Strager, doing business as
Best Home Modernization Company.  After the defendant filed the
motion for judgment hereinafter referred to, Detroit Garage Builders'
and Modernization Contractors' Association was permitted to in-
tervene and file a complaint as party plaintiff.  The complaint filed
by Mr. Strager is referred to in this opinion as the "complaint,"
and Mr. Strager as the plaintiff."

[4] The statute defines and regulates home improvement installment
contracts and, among other things, requires rescission clauses in an
installment contract, reference to the home improvement in prom-
issory notes given in connection therewith, and prohibits gifts ex-
ceeding $2.50 for the procurement of the contract and cash loans
by the contractor to the buyer.  The complaint admits violation of
each of these provisions of the statute.

misdemeanor for which punishment may be by fine
or imprisonment or both, MCLA § 445.1421 (Stat
Ann 1968 Cum Supp § 19.417 [421]).

The defendant moved for accelerated judgment
under GCR 1963, 116, and summary judgment under
GCR 1963, 117, claiming that the court was without
jurisdiction and that plaintiff failed to state a claim
upon which relief could be granted. The trial judge
granted the motion for summary judgment and dis-
missed the complaint. In granting the motion, he
expressed the views that the declaratory judgment
procedure is not available to one attacking the con-
stitutionality of a statute providing criminal pen-
alties for its violation and, even if the procedure
could properly be utilized for such a purpose, plain-
tiff's action was premature because no prosecution
against him had yet been commenced.

Initially, we note that GCR 1963, 521 was intended
to provide the "broadest type of declaratory judg-
ment procedure."[5] It has been observed that under
the former declaratory judgment act our Supreme
Court at one time indicated that where an alterna-
tive remedy was available, a declaratory judgment
could not be obtained.[6] GCR 1963, expressly pro-
vides that the existence of another adequate remedy
does not necessarily preclude declaratory relief.[7]
Thus, simply because plaintiff could raise the de-
fense of unconstitutionality in any criminal proceed-
ing that might be brought against him, does not
foreclose declaratory relief.

---

[5] GCR 1963, 521, official committee comment, reprinted as anno-
tation to Michigan Statutes Annotated, Rules, Rule 521.

[6] 2 Honigman & Hawkins, Michigan Court Rules Annotated, p 684,
commenting on *Miller* v. *Siden* (1932), 259 Mich 19, which was decided
under PA 1929, No 36 (CL 1948, §§ 691.501, 691.507 [Stat Ann
§§ 27.501, 27.507]).

[7] "Other Adequate Remedy. The existence of another adequate
remedy does not preclude a judgment for declaratory relief in cases
where it is appropriate". GCR 1963, 521.3.

In Michigan, legislation regulating business practices and providing criminal penalties for violation has been successfully challenged in actions seeking declaratory relief. See *Grocers Dairy Company* v. *Department of Agriculture Director* (1966), 377 Mich 71 (prohibiting sale of milk in gallon containers); *Arlan's Department Stores, Inc.,* v. *Attorney General* (1964), 374 Mich 70 (Sunday closing law); *Levy* v. *City of Pontiac* (1951), 331 Mich 100 (size of signs advertising gasoline prices); *Carolene Products Co.* v. *Thomson* (1936), 276 Mich 172 (quality of milk); *National Amusement Co.* v. *Johnson* (1935), 270 Mich 613 (ordinance prohibiting endurance contests). In other cases, the Supreme Court reached the merits of actions seeking declaratory relief concerning such legislation and declared the legislation valid. See *Thayer* v. *Department of Agriculture* (1949), 323 Mich 403 (sale of dairy products); *Fitzpatrick* v. *Liquor Control Commission* (1946), 316 Mich 83 (licensing of female bartenders; that declaratory relief was sought appears from the record on appeal); see, also, the following Sunday closing law cases: *Mark's Furs, Inc.,* v. *City of Detroit* (1961), 365 Mich 108; *People's Appliance, Inc.,* v. *City of Flint* (1959), 358 Mich 34; *The Irishman's Lot, Inc.,* v. *Secretary of State* (1954), 338 Mich 662.

While the question of the court's power to grant declaratory relief was neither argued nor discussed in any of the cases cited in the preceding paragraph,[8] we conclude that in Michigan, as in other jurisdic-

---

[8] In this connection, we observe that a question affecting the court's jurisdiction of the subject matter should be raised on the court's own motion. *Bolton* v. *Cummings* (1918), 200 Mich 234; *Warner* v. *Noble* (1938), 286 Mich 654, 659; *Ideal Furnace Co.* v. *International Molder's Union of North America* (1918), 204 Mich 311, 313; *Bradley* v. *Board of State Canvassers* (1908), 154 Mich 274, 282; *In re Estate of Fraser* (1939), 288 Mich 392, 394.

tions,[9] a plaintiff may obtain declaratory relief concerning a statute regulating his business practices even though the statute provides a criminal sanction for its violation.

"A declaratory action is a proper remedy to test the validity of a criminal statute where it affects one in his trade, business or occupation." 2 Anderson, Actions For Declaratory Judgments (2d ed, 1951), § 624, p 1436. To afford a businessman relief in such a situation without having first to be arrested is one of the functions of the declaratory judgment procedure. *Acme Finance Co.* v. *Huse* (1937), 192 Wash 96, 108 (73 P2d 341, 346, 114 ALR 1345, 1353).

It has been argued that to award declaratory relief in such a case would expose the courts to petitions from potential criminals seeking judicial approval before they go forth into the night. We do not believe this will happen. If it does, the courts will be found fully able to articulate an appropriate response. It has been suggested by some that a distinction may properly be drawn in this regard between crimes *malum in se* and those *malum prohibitum.*

"The substitution of the civil for the criminal forum in the adjudication of the validity of administrative controls and the legitimacy of business practices requires the making of a distinction between (a) an offense involving moral turpitude, *malum in se,* where there is little or no question of what the criminal law prohibits, and (b) business

---

[9] See *Sunshine Mining Co.* v. *Carver* (ND Idaho, 1940), 34 F Supp 274, 280; *Acme Finance Company* v. *Huse* (1937), 192 Wash 96, 108 (73 P2d 341, 346, 114 ALR 1345, 1353). See, generally, Note, Declaratory Relief in the Criminal Law, 80 Harv L Rev 1490 (1967); Annotation, Validity, Construction, and Application of Criminal Statutes or Ordinances as Proper Subject For Declaratory Judgment, 10 ALR3d 727 (1966).

conducted by responsible men, subject to the continuing regulations and prohibitions, statutory and administrative, of a public control sanctioned by criminal penalty, at most *malum prohibitum,* where there is grave uncertainty as to what practices the general terms of a law prohibit." Borchard, Declaratory Judgments (2d ed, 1941), p 1021.[10]

The attorney general asserts that the threat of criminal prosecution was not here sufficiently imminent to justify plaintiff's commencement of this action. The attorney general, however, acknowledges that the letter of February 2, 1966, from the prosecuting attorney to the plaintiff states: "A warrant will be asked for your arrest if you fail to answer [this] notice." The plaintiff need not defer action until arrested. Indeed, if he delays, he may be unable once criminal prosecution has been commenced to seek declaratory relief; in a case decided under the former declaratory judgment act, the Supreme Court held that one may not maintain an action for declaratory relief after criminal proceedings had been commenced against him. *Updegraff* v. *Attorney General* (1941), 298 Mich 48. See records in *Arlan's Department Stores, Inc.,* v. *Attorney General, supra; People's Appliance, Inc.,* v. *City of Flint, supra; Thayer* v. *Department of Agriculture, supra,* where it appears the complaints were filed before the effective date of the legislation. The plaintiff may justifiably assume public officials will do their duty.[11] Plaintiff's complaint was not premature.

---

[10] See, also, *Pacific Meat Company* v. *Otagaki* (1964), 47 Hawaii 652, 653 (394 P2d 618, 621); *Herald Publishing Company* v. *Bill* (1955), 142 Conn 53, 56 (111 A2d 4, 6); *Bryarly* v. *State* (1953), 232 Ind 47, 51 (111 NE2d 277, 279).

[11] "The danger of a criminal penalty attached by law to the performance of an act affords those affected the necessary legal interest in a judgment raising the issue of validity, immunity, or status. The threat to enforce the statute seems hardly necessary.

It is not disputed that plaintiff's business is directly and substantially affected by the home improvement finance act. An "actual controversy" is presented. See 22 Am Jur 2d, Declaratory Judgments § 11.

The trial judge's determination that the complaint should be dismissed was based on his views that the validity of a statute imposing a criminal penalty for its violation may not be challenged by an action for declaratory judgment, and that the plaintiff's action was premature in that prosecution had not been commenced against him. The trial judge did not dismiss the complaint in the exercise of discretion. See *United States Fidelity & Guaranty Company* v. *Kenosha Investment Company* (1963), 369 Mich 481, and *Molinaro* v. *Driver* (1961), 364 Mich 341, 354. We, therefore, have not reviewed his order as if he had. We intimate no opinion as to the extent of the trial judge's discretion in that regard or on the merits of plaintiff's complaint.

Reversed and remanded for a determination on the merits. No costs, a public question.

FITZGERALD, P. J., and McGREGOR, J., concurred.

for public officials are presumed to do their duty. The plaintiff need only show that his position is jeopardized by the statute." Borchard, Declaratory Judgments (2d ed, 1941), p 66.