UNITED STATES of America ex rel. Walter A. HAMMERSHOY, Petitioner,

v.

DIRECTOR OF CONNECTICUT CORRECTIONAL CENTER, Respondent.

Civ. No. 13076.

United States District Court D. Connecticut.

May 22, 1969.

Charles Townsend, Jr., Stamford, Conn., for petitioner.

No appearance for respondent.

TIMBERS, Chief Judge.

Petitioner is being held in the state jail at Bridgeport, Connecticut, having been arrested on or about March 22, 1969 at Stamford, Connecticut, pursuant to a fugitive warrant issued by Kentucky authorities seeking his extradition. He has filed in the District Court for the District of Connecticut a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, the petition is denied without prejudice.

Two claims are made in the instant petition: (1) that no proper extradition demand has been made, and (2) that petitioner's Kentucky conviction and confinement were unconstitutional in various respects, including inadequate representation by counsel and cruel and unusual punishment.

### I.

The first claim, that constitutional extradition requirements have not been complied with, would seem to present a valid ground for attacking extradition proceedings. The question here is whether such an attack must be made in the state courts of the asylum state before relief is sought in the federal court in that state.

In the ordinary case, exhaustion of state remedies is a prerequisite to seeking habeas corpus in the federal courts to avoid extradition. Jackson v. Ruthazer, 181 F.2d 588 (2 Cir.), cert. denied, 339 U.S. 980 (1950); Tickle v. Summers, 270 F.2d 848 (4 Cir. 1959); United States ex rel. Tucker v. Donovan, 321 F.2d 114 (2 Cir. 1963); Giles v. Merrill, 322 F.2d 786 (10 Cir. 1963). See also Dye v. Johnson, 338 U.S. 864 (1949), reversing 175 F.2d 250 (3 Cir. 1949). The exhaustion doctrine is not jurisdictional, however, see, e. g., Fay v. Noia, 372 U.S. 391, 430–31 (1963), and

upon a showing of "special circumstances" the district court can act. Frisby v. Collins, 342 U.S. 519, 521 (1951); Brown v. Fogel, 387 F.2d 692 (4 Cir. 1967). In addition, of course, upon a showing that no state corrective processes are available or that state law is settled against examination into any claim made, state remedies are considered exhausted. United States ex rel. Smith v. Jackson, 234 F.2d 742, 747 (2 Cir. 1956); United States ex rel. Tucker v. Donovan, *supra*; Cox v. Raburn, 314 F.2d 856 (10 Cir. 1963); Giles v. Merrill, *supra*.

Since neither special circumstances nor lack of state court remedies has been shown here, the Court declines to consider petitioner's first claim for failure to exhaust state remedies.

## II.

■ The second claim, that petitioner's conviction and confinement in Kentucky were unconstitutional, is not a proper claim for consideration by this Court. See Sweeney v. Woodall, 344 U.S. 86 (1952) (alleged cruel and unusual punishment by demanding state; held that proper course is first in courts of the demanding state and then in federal court in that state, not in state or federal courts of asylum state); United States ex rel. Tucker v. Donovan, *supra* (conviction in demanding state allegedly in violation of right to counsel; held that this question is not for courts of asylum state); Johnson v. Matthews, 182 F.2d 677 (D.C.Cir.), cert. denied, 340 U.S. 828 (1950). Although federal habeas corpus law has developed somewhat since these cases, the logic behind them is still persuasive; absent a showing of very unusual facts, they should control the disposition of the instant petition.[1]

---

1. But see In re Hunt, 276 F.Supp. 112 (D.Mich.1967), where the court allowed extradition of petitioner, who had been convicted in absentia under an Arizona statute, only upon certification by the demanding state that petitioner's constitutional rights would be fully protected,

In any event, even if this second claim were a proper defense to extradition, exhaustion of remedies in the asylum state would normally be required, under the cases cited above. Even in In re Hunt, *supra* note 1, the court required exhaustion before it considered the claim.

## ORDER

ORDERED that the petition for a writ of habeas corpus be, and the same hereby is, denied for failure to exhaust state remedies, without prejudice to its renewal upon a showing of a proper claim and exhaustion of state remedies.

and requiring a new trial in Arizona. Although the court spoke in terms of "irreparable harm", the only such harm there related to probable delay in obtaining relief in Arizona, a factor which would be present in most cases.