### WILLIAMS *v.* NORTH CAROLINA

OPINION OF THE COURT

1. EXTRADITION — PRE-ARREST REMEDY — POST-ARREST REMEDY — STATUTES.

   The Uniform Extradition Act and other statutory law recognize a judicial remedy from an arrest pursuant to an invalid extradition *after* the arrest, but there is no provision for relief *before* arrest (MCLA §§ 776.7, 780.9).

2. EXTRADITION—DECLARATORY JUDGMENT—PRE-ARREST REMEDY—DISCRETION.

   Granting of a declaratory judgment to a plaintiff before his arrest under an extradition warrant is within the discretion of the trial court, assuming, *arguendo*, that a plaintiff may seek a declaratory judgment challenging the extradition proceedings before his arrest (GCR 1963, 521.1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur 2d, Extradition §§ 3, 6.
[2–6] 31 Am Jur 2d, Extradition §§ 64, 65.

3. Extradition—Declaratory Judgment—Habeas Corpus—Discretion.

> Denial of declaratory judgment to plaintiff before his arrest under an extradition warrant was not an abuse of discretion where the trial court found that any inquiry into the validity of plaintiff's extradition before his arrest would not be any more protective of his rights than the traditional method of inquiry in *habeas corpus* proceedings, that plaintiff would suffer no irreparable harm by a denial of declaratory relief since he would be immediately entitled to apply for a writ of *habeas corpus* upon being taken into custody, that declaratory relief would unnecessarily delay plaintiff's extradition, and that plaintiff's best interests would be served by speedy resolution of the extradition proceedings.

Concurring Opinion by Levin, J.

4. Extradition—Declaratory Judgment—Pre-Arrest Remedy—Availability.

> *Appellate affirmance of denial of declaratory relief to a plaintiff, whose extradition was sought by another state, should not be read as necessarily barring an action for a declaratory judgment by a person claimed by a demanding state to be a fugitive from justice.*

5. Extradition—Declaratory Judgment—Grounds.

> *A declaratory judgment in favor of a person charged with being a fugitive from justice in another state would be an appropriate remedy if the charged fugitive shows substantive grounds entitling him to relief from a demanding state's requisition, that more complete and adequate relief is obtainable through a declaratory judgment than by* habeas corpus *or that, for other reasons, declaratory relief is appropriate.*

6. Extradition—Declaratory Judgment—Appeal and Error—Extent of Holding.

> *Appellate affirmance of denial of declaratory relief to a plaintiff, sought by another state as a fugitive from justice, decides only that plaintiff was not entitled to declaratory relief because he failed to demonstrate that he had a substantive right to relief unobtainable through a writ of* habeas corpus, *that he needed declaratory relief or, that for other reasons, such relief was appropriate.*

Appeal from Wayne, Thomas Roumell, J. Submitted Division 1 February 3, 1971, at Detroit. (Docket No. 8893.) Decided April 26, 1971. Leave to appeal denied, 386 Mich 753.

Complaint by Robert F. Williams against the State of North Carolina, Robert W. Scott, Governor of North Carolina, M. G. Boyette, Solicitor, William Milliken, Governor of Michigan, Frank J. Kelley, Attorney General of Michigan, Roman Gribbs, Wayne County Sheriff, Joseph A. Sullivan, Presiding Judge of Wayne County Circuit Court, and William L. Cahalan, Wayne County Prosecutor, for declaratory judgment decreeing plaintiff's extradition to North Carolina to be illegal.

Complaint dismissed. Plaintiff appeals. Affirmed.

*Craig, Fieger & Golden,* for plaintiff.

*Boyette and Boyette,* for defendants North Carolina, Scott, and Boyette.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Attorney General, for defendants Milliken and Kelley.

*William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for defendants Gribbs, Sullivan, and Cahalan.

Before: LESINSKI, C. J., and R. B. BURNS and LEVIN, JJ.

LESINSKI, C. J. On September 29, 1969, the State of North Carolina filed an application for requisi-

tion of plaintiff as a fugitive from justice pursuant to the Uniform Criminal Extradition Act, MCLA § 780.1, *et seq.* (Stat Ann 1954 Rev § 28.1285[1], *et seq.*), (hereinafter cited as the Uniform Act). Upon the request of the Governor of Michigan, the state Attorney General conducted an investigation. MCLA § 780.4 (Stat Ann 1954 Rev § 28.1285[4]). The Governor, after due consideration of the matter, issued a governor's warrant for plaintiff's arrest. On the day that plaintiff was to be served with the arrest warrant and taken into custody, plaintiff instituted this action for a declaratory judgment decreeing that his extradition to North Carolina was illegal.[1] The trial court granted temporary restraining orders and temporary injunctions enjoining defendants from progressing with plaintiff's extradition pending final adjudication of the merits of plaintiff's challenge to the validity of the proceedings. The trial court later dismissed the action and dissolved the outstanding injunctions. From this, plaintiff appeals to this Court.

The Uniform Act sets forth judicial relief from an arrest pursuant to an invalid extradition by way of a writ of *habeas corpus.*[2] An older statute, not

---

[1] Defendant alleged in his complaint that (1) the Attorney General's opinion to the Governor was erroneous as to fact and law; (2) that the extradition papers from North Carolina were irregular in that they were forged; (3) that plaintiff was not a fugitive from justice; (4) that the crime was not a punishable offense; and (5) that North Carolina sought plaintiff's extradition for political, racial, and malicious motives.

[2] The statute, MCLA § 780.9 (Stat Ann 1954 Rev § 28.1285[9]), provides as follows:

"No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within

part of the Uniform Act, indicates that the legality of an arrest under the governor's extradition warrant may be tested by means other than by writ of *habeas corpus*.[3] In any event, although both statutes recognize a remedy after arrest, neither provide for relief prior to the arrest.

Defendant contends that an extraditee may, in addition to applying for a writ of *habeas corpus* after his arrest, seek a declaratory judgment challenging the extradition proceedings *prior* to his arrest.[4] Even assuming *arguendo* that declaratory

---

which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state."

See, also, *In re Rayborn* (1969), 18 Mich App 468; *Rutledge* v. *Ingham County Sheriff* (1970), 21 Mich App 726.

[3] MCLA § 776.7 (Stat Ann § 28.1264), reads in pertinent part:

"But the sheriff, while the alleged fugitive is in his custody and before delivering him up to the agent of the demanding state, shall afford him every facility to enable him to have a judicial examination if he desires it, *by habeas corpus or otherwise,* to ascertain whether the demand and arrest have been made conformably to the requirements of law." (Emphasis supplied.)

[4] The scope of review in passing upon a writ of *habeas corpus* by the courts of the custody state is generally limited to questions of identity, fugitivity, and regularity of the extradition procedure. *Drew* v. *Thaw* (1914), 235 US 432 (35 S Ct 137, 59 L Ed 302); *In re Rayborn,* footnote 2. It is doubtful whether the scope of review is any broader when the action is one for a declaratory judgment. *Wacker* v. *Bisson* (CA5, 1965), 348 F2d 602, 606.

Plaintiff rightly points out that declaratory relief may be decreed despite the existence of some other remedy. GCR 1963, 521.1; 521.3. Plaintiff maintains that the older extradition statute (see fn 3), apart from the Uniform Criminal Extradition Act, MCLA § 780.1 *et seq.* (Stat Ann 1954 Rev § 28.1285[1] *et seq.*), recognizes the existence of remedies other than writs of *habeas corpus.* We are told by plaintiff that the fact this statute is effective only after arrest is not, in and of itself, significant for the person whose extradition is certain and imminent and who wishes to mount an early attack on his impending extradition is, practically speaking, without an adequate remedy by way of a writ of *habeas corpus* since that writ may not be applied for until he has been taken into custody.

While the use of declaratory judgments is not favored after arrest and after initiation of the criminal process, *Updegraff* v. *Attorney General* (1941), 298 Mich 48, declaratory relief may be wholly appropriate where the prisoner wishes an adjudication of his rights

relief may properly be sought under these circumstances, it is clear that the granting of such relief is grounded within the sound discretion of the trial court. GCR 1963, 521.1; *Molinaro v. Driver* (1961), 364 Mich 341, 354; *United States Fidelity & Guaranty Company* v. *Kenosha Investment Company* (1963), 369 Mich 481. The trial court believed that any inquiry into the validity of plaintiff's extradition prior to arrest would not be any more protective of his rights than the traditional method of inquiry in *habeas corpus* proceedings, and that plaintiff would suffer no irreparable harm by a denial of declaratory relief since he would be immediately entitled to apply for a writ of *habeas corpus* upon being taken into custody. Moreover, the trial court was of the opinion that, by further entertaining declaratory relief, unnecessary delay in extraditing plaintiff would result and that the best interests of plaintiff would be served by speedy resolution of the extradition proceedings. Under these circumstances, we are unable to find an abuse of discretion in denying plaintiff his declaratory relief.[5]

Affirmed.

R. B. BURNS, J., concurred.

LEVIN, J. (*concurring*). While I have signed Chief Judge LESINSKI's opinion, I think it necessary to write separately to make clear that our decision today should not be read as barring an action for a declaratory judgment by a person claimed by a demanding state to be a fugitive from justice.[1] If

---

prior to arrest. *Strager* v. *Wayne County Prosecuting Attorney* (1968), 10 Mich App 166.

[5] Nothing from the above should intimate what disposition we will make should a situation arise in the future when a trial court exercises legitimate judicial discretion in favor of granting declaratory relief.

[1] *Cf. Wacker* v. *Bisson* (CA5, 1965), 348 F2d 602.

a person charged with being a fugitive can make a showing of substantive grounds entitling him to relief from a requisition issued by the governor of the demanding state and that more complete and adequate relief is obtainable through a declaratory judgment than by *habeas corpus* or that, for other reasons, declaratory relief is appropriate, then he would be entitled to the entry of a declaratory judgment in his favor and the matter would no longer reside in the trial judge's discretion.

The crux of the matter is whether a person charged with being a fugitive may properly contest a demanding state's requisition by raising substantive issues other than the traditional issues of identity, fugitivity, substantiality of the indictment and regularity of the extradition procedure.[2]

I agree with Judge LESINSKI when he says that, "It is doubtful whether the scope of review is any broader when the action is one for a declaratory judgment" than in *habeas corpus*. But, while it is doubtful, it is not yet incontrovertible. It may well be that the time has come to recognize new substantive grounds of attack.[3]

*Habeas corpus* is, indeed, the Great Writ, but all forms and processes tend to take on a structure of

---

[2] See Notes and Comments, Extradition Habeas Corpus, 74 Yale L J 78, 91 (1964).

[3] See Notes and Comments, Extradition Habeas Corpus, 74 Yale L J 78, 125 *et seq.* (1964), where the author urges that a broad-scope inquiry should be allowed where it can be established that the person claimed to be a fugitive will suffer "prospective irreparable injury" and argues that *Sweeney* v. *Woodall* (1952), 344 US 86 (73 S Ct 139, 97 L Ed 114), *reh den* (1953), 344 US 916 (73 S Ct 332, 97 L Ed 706), can be read as only requiring careful pleading or may justifiably be deemed to have been overruled *sub silentio* by later Supreme Court decisions concerning *habeas corpus*. But see *Murray* v. *Burns* (1965), 48 Hawaii 508 (405 P2d 309); *United States, ex rel. Hammershoy,* v. *Director of Connecticut Correctional Center* (D Conn, 1969), 299 F Supp 1354; *United States, ex rel. Brown,* v. *Fogel* (CA4, 1968), 395 F2d 291; *State, ex rel. Gegenfurtner,* v. *Granquist* (1965), 271 Minn 207 (135 NW2d 447).

their own.[4] Perhaps the law should grow in this area and in order to accomplish growth it may be necessary to break out of traditional forms, to leave the mansion house of *habeas corpus* for the uncharted fields of declaratory judgment or some other procedural device or remedy.

The two questions, whether additional substantive issues should be recognized and, if so, the means of providing relief are tried together. No doubt, decision on the substantive question will carry with it decision on the procedural question. A court is not likely to recognize a substantive right and deny relief because it is at a loss to find a proper procedural device to implement the right.

The parties have argued the question of whether the plaintiff, Williams, is entitled to a declaratory judgment as an abstract question unrelated to the pivotal question of whether substantive issues other than the traditional ones of identity, fugitivity, substantiality, and regularity should be recognized. Our decision will not end Williams' attack on North Carolina's requisition. No doubt, an application for a writ of *habeas corpus* will be filed in his behalf. I see no reason why as an alternative prayer Williams, despite our decision today, could not ask for declaratory relief as well as the issuance of a writ of *habeas corpus.*[5] We decide only that Williams has not yet demonstrated that he is entitled to declaratory relief and, more specifically, we decide only that he has failed to demonstrate that he has

---

[4] See 39 Am Jur 2d, Habeas Corpus, §§ 11, 12.

[5] As to the availability of declaratory relief in criminal proceedings, see *Strager* v. *Wayne County Prosecuting Attorney* (1968), 10 Mich App 166.

Even if *habeas corpus* is an adequate remedy, declaratory relief may be obtained if "appropriate". "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." GCR 1963, 521.3.

See, generally, 22 Am Jur 2d, Declaratory Judgments, § 14.

a substantive right to relief unobtainable through the issuance of a writ of *habeas corpus* and that, therefore, he needs declaratory relief or, for other reasons, declaratory relief is appropriate.[6]

---

[6] See GCR 1963, 518.3: "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."