**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

**FILED MARCH 9, 2005**

ASSOCIATED BUILDERS AND CONTRACTORS,
SAGINAW VALLEY AREA CHAPTER,

    Plaintiff-Appellant,

v                                         No. 124835

KATHLEEN M. WILBUR, DIRECTOR OF THE MICHIGAN
DEPARTMENT OF CONSUMER & INDUSTRY SERVICES AND
PROSECUTING ATTORNEY,

    Defendants-Appellees,

and

MICHIGAN STATE BUILDING & CONSTRUCTION
TRADES COUNCIL,

    Intervenor/Defendant/Appellee,

and

MICHIGAN CHAPTER OF THE NATIONAL ELECTRICAL
CONTRACTORS ASSOCIATION, INC., a Michigan
Corporation, MICHIGAN MECHANICAL CONTRACTORS
ASSOCIATION, a Michigan Corporation, and
MICHIGAN CHAPTER OF SHEET METAL AIR CONDITIONING
CONTRACTORS NATIONAL ASSOCIATION, a Michigan Corporation

    Intervenors/Defendants/Appellees,

and

MICHAEL D. THOMAS, Saginaw County
Prosecuting Attorney,

     Intervenor/Appellee.

_____

BEFORE THE ENTIRE BENCH

WEAVER, J.

Plaintiff, the Saginaw Valley Area Chapter of Associated Builders and Contractors, brought this action for declaratory and injunctive relief, challenging the constitutionality of the prevailing wage act (PWA).[1] Plaintiff argues that the PWA is unconstitutionally vague and constitutes an unconstitutional delegation of legislative authority to unions and union contractors.

The circuit court denied defendants' motions for summary disposition regarding the plaintiff's claim that the PWA constitutes an unconstitutional delegation of legislative authority and dismissed plaintiff's vagueness claim. Defendants appealed and plaintiff cross-appealed. The Court of Appeals reversed in part and affirmed in part, holding that plaintiff could not seek declaratory relief because plaintiff had alleged no "actual controversy" under the Michigan court rule governing declaratory judgments, MCR 2.605.

_____

[1] MCL 408.551 *et seq.*

2

We reverse the decision of the Court of Appeals and hold that plaintiff has presented an "actual controversy" so that plaintiff can seek declaratory relief under MCR 2.605. We do not address the substantive issue regarding the constitutionality of the PWA; instead, we remand to the Court of Appeals for reconsideration and resolution of the defendants' appeal and plaintiff's cross-appeal on the merits.

I

Plaintiff is the Saginaw Valley Area Chapter of Associated Builders and Contractors. Associated Builders and Contractors is a nonunion trade association with over two hundred members in the construction industry in thirteen Michigan counties.

Plaintiff's members—contractors, subcontractors, and builders among others—are required by the PWA to pay their workers not less than the wage and benefits prevailing in the locality on projects sponsored or financed by the state. The PWA provides in relevant part:

> Every contract executed between a contracting agent and a successful bidder as contractor and entered into pursuant to advertisement and invitation to bid for a state project which requires or involves the employment of construction mechanics . . . and which is sponsored or financed in whole or in part by the state shall contain an express term that the rates of wages and fringe benefits to be paid to

each class of mechanics by the bidder and all of his subcontractors, shall be not less than the wage and fringe benefit rates prevailing in the locality in which the work is to be performed. [MCL 408.552.]

The PWA provides further that "[a]ny person, firm or corporation or combination thereof, including the officers of any contracting agent, violating the provisions of this act is guilty of a misdemeanor." MCL 408.557.

On July 12, 2000, plaintiff brought this declaratory action challenging the constitutionality of the PWA. Plaintiff alleges that the manner in which the prevailing wage is determined under MCL 408.554 of the PWA constitutes an unconstitutional delegation of legislative authority to unions and union contractors.[2] Moreover, plaintiff alleges

_____

[2] MCL 408.554 provides:

The commissioner [the Department of Consumer and Industry Services, now the Department of Labor and Economic Growth] shall establish prevailing wages and fringe benefits at the same rate that prevails on projects of a similar character in the locality under collective agreements or understandings between bona fide organizations of construction mechanics and their employers. Such agreements and understandings, to meet the requirements of this section, shall not be controlled in any way by either an employee or employer organization. If the prevailing rates of wages and fringe benefits cannot reasonably and fairly be applied in any locality because no such agreements or understandings exist, the commissioner shall determine the rates and fringe benefits for the same or most similar employment in the nearest and most similar neighboring

4

that the resulting determination is unconstitutionally vague because it does not provide an individual of ordinary intelligence notice of the conduct that, if undertaken, would violate the statute.

Plaintiff named as a defendant, Kathleen Wilbur, former Director of the Department of Consumer and Industry Services (CIS), now the Department of Labor and Economic Growth, which oversees the implementation of the PWA. Because the PWA is a criminal statute, plaintiff also named Midland County's prosecuting attorney, who is charged with the enforcement and prosecution of the PWA in Midland County, Michigan.

The Saginaw County prosecutor and the Michigan State Building & Construction Trades Council (MSBCTC) intervened by stipulation as defendants. Three union contractor associations, the Michigan Chapter of the National Electrical Contractors Association, Inc. (NECA), the Michigan Mechanical Contractors Association (MCA), and the

---

locality in which such agreements or understandings do exist. The commissioner may hold public hearings in the locality in which the work is to be performed to determine the prevailing wage and fringe benefit rates. All prevailing wage and fringe benefit rates determined under this section shall be filed in the office of the commissioner of labor and made available to the public.

Michigan Chapter of Sheet Metal & Air Conditioning Contractors National Association (SMACNA), also intervened by motion as defendants.

The Midland County prosecutor and defendant-intervenor MSBCTC filed motions under MCR 2.116(C)(4), (8), and (10), arguing that the circuit court lacked jurisdiction under MCR 2.605(A) because plaintiff's complaint did not present an "actual controversy" as required by the court rule. The several defendants also moved for summary disposition on the merits.

On December 15, 2000, the circuit court denied the motions for summary disposition that argued that plaintiff had not met the actual controversy requirement of MCR 2.605(A). Then, on March 20, 2001, the circuit court ruled on the motions for summary disposition on the merits. The court granted the motions regarding plaintiff's vagueness challenge to the PWA. However, the circuit court denied the motions regarding plaintiff's challenge to the PWA as an unconstitutional delegation of legislative authority, thus allowing that claim to proceed.

Defendants appealed by leave granted and plaintiffs cross-appealed from the circuit court's orders. The Court of Appeals concluded that plaintiff had alleged no "actual controversy" under MCR 2.605(A). Accordingly, the Court of

6

Appeals reversed the circuit court's denial of defendants' motion for summary disposition of the claim of unconstitutional delegation of legislative authority and, in plaintiff's cross-appeal, affirmed the dismissal of plaintiff's vagueness claim.[3]

This Court ordered that oral argument be held with regard to plaintiff's application for leave to appeal.[4]

## II

This case is before us on appeals from orders regarding motions for summary disposition, which we review de novo. *Maiden v Rozwood*, 461 Mich 109; 597 NW2d 817 (1999). The interpretation and application of court rules and statutes present a question of law that is also reviewed de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991).

## III

Plaintiff seeks a declaratory judgment regarding the constitutionality of the PWA. A declaratory judgment is "[a] binding adjudication of the rights and status of litigants . . . [which] is conclusive in a subsequent

---

[3] Unpublished opinion per curiam of the Court of Appeals, issued August 5, 2003 (Docket No. 234037).

[4] 471 Mich 877 (2004).

action between the parties as to the matters declared . . . ."[5] Declaratory judgments are procedural remedies. They allow

> parties to avoid multiple litigation by enabling litigants to seek a determination of questions formerly not amenable to judicial determination . . . .[6]

The availability of declaratory judgments in Michigan is governed by MCR 2.605. The court rule provides in pertinent part:

> (A) Power to Enter Declaratory Judgment.
>
> (1) In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.
>
> (2) For the purpose of this rule, an action is considered within the jurisdiction of a court if the court would have jurisdiction of an action on the same claim or claims in which the plaintiff sought relief other than a declaratory judgment.

The plain text of the declaratory judgment rule makes clear that the power to enter declaratory judgments neither limits nor expands the subject-matter jurisdiction of the court.[7] The court must have "jurisdiction of an action on

---

[5] Black's Law Dictionary (6th ed), p 409.

[6] *Allstate Ins Co v Hayes*, 442 Mich 56, 65; 499 NW2d 743 (1993)(citations omitted).

[7] *Id.* at 65 n 9.

the same claim or claims in which the plaintiff sought relief . . . ."[8]   Moreover, the rule requires that there be "a case of actual controversy" and that a party seeking a declaratory judgment be an "interested party," thereby incorporating traditional restrictions on justiciability such as standing, ripeness, and mootness.[9]

This Court has described the "actual controversy" requirement of MCR 2.605(A)(1) as "a summary of justiciability as the necessary condition for judicial relief."[10]   Thus,

> if a court would not otherwise have subject matter jurisdiction over the issue before it or, if the issue is not justiciable because it does not involve a genuine, live controversy between interested persons asserting adverse claims, the decision of which can definitively affect existing legal relations, a court may not declare

---

[8] MCR 2.605(A)(2).

[9] The United States Supreme Court has recognized that

[j]usticiability is of course not a legal concept with a fixed content or susceptible of scientific verification.  Its utilization is the resultant of many subtle pressures, including the appropriateness of the issues for decision by this Court and the actual hardship to the litigants of denying them the relief sought." [*Poe v Ullman*, 367 US 497, 508-509; 81 S Ct 1752; 6 L Ed 2d 989 (1961).]

[10] *Allstate, supra* at 66.

the rights and obligations of the parties before it.[11]

The requirement that a party demonstrate an interest in the outcome that will ensure sincere and vigorous advocacy is expressly subsumed in the declaratory judgment rule, which allows the declaration of rights of an "interested party . . . ."[12]

This Court has held that an "actual controversy" under MCR 2.605(A)(1) exists

> where a declaratory judgment or decree is necessary to guide a plaintiff's future conduct in order to preserve his legal rights. . . .
>
> This requirement . . . prevents a court from deciding hypothetical issues.[13]

This Court has emphasized that although the actual controversy requirement precludes a court from deciding hypothetical issues, "a court is not precluded from reaching issues before actual injuries or losses have occurred."[14] The essential requirement of the term "actual controversy" under the rule is that plaintiffs "plead and

---

[11]  *Id.* (citations omitted).

[12]  *Id.* at 68.

[13] *Shavers v Attorney General*, 402 Mich 554, 588-589; 267 NW2d 72 (1978).

[14] *Id.* at 589.

prove facts which indicate an adverse interest necessitating the sharpening of the issues raised."[15]

The "actual controversy" and the "interested party" requirements of MCR 2.605(A)(1) subsume the limitations on litigants' access to the courts imposed by this Court's standing doctrine.  To have standing:

> "First, the plaintiff must have suffered an 'injury in fact' — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical."'  Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'  Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"[16]

Yet without analysis of plaintiff's standing under *Lee v Macomb Co Bd of Comm'rs,* 464 Mich 726; 629 NW2d 900 (2001)*,* the Court of Appeals panel below concluded that plaintiff was not eligible for declaratory relief because

---

[15] *Id.*

[16] *Lee v Macomb Co Bd of Comm'rs,* 464 Mich 726, 739; 629 NW2d 900 (2001), quoting *Lujan v Defenders of Wildlife*, 504 US 555, 560-561; 112 S Ct 2130; 119 L Ed 2d 351 (1992). This Court has declined to consider whether the Legislature can confer standing more broadly than *Lee's* test.  See *Nat'l Wildlife Federation v Cleveland Cliffs Iron Co*, 471 Mich 608, 632; 684 NW2d 800 (2004).  Because the PWA does not confer standing by its own terms, plaintiff's standing in this case is governed by the test adopted in *Lee, supra.*

plaintiff had not established "that there was an actual or imminently threatened prosecution of any of its members, nor has plaintiff shown that a declaratory judgment or decree is necessary to guide its future conduct in order to preserve its legal rights with respect to any particular contract or bid." On this basis, the Court of Appeals held that the circuit court lacked jurisdiction to enter a declaratory judgment. The Court of Appeals analysis regarding the availability of declaratory relief under MCR 2.605 was too restrictive.

It has been conceded by the defendant prosecutor that it must enforce the PWA.[17] But regardless, neither *Lee, supra*, nor the plain text of MCR 2.605 requires a plaintiff regulated by a criminal statute to submit evidence of a threat of imminent prosecution in order to establish standing. It is sufficient to establish standing under *Lee, supra,* that the members of plaintiff business association are directly regulated by the PWA and must conform their pay and benefit practices to that of union contractors on state-funded projects under the statute.[18]

---

[17] Thus, this case is distinguishable from *Poe, supra* at 508, where the United States Supreme Court held that declaratory relief was improper because there was no realistic fear of prosecution.

[18] MCL 408.552 and MCL 408.554.

12

Plaintiff's members suffer a concrete, rather than a hypothetical, injury because they either face criminal prosecution for a violation of the statute or must avoid state-funded work entirely.[19]  Such evidence establishes the existence of a legally protected interest, causation, and redressibility as required by *Lee, supra*.

Moreover, as a previous Court of Appeals decision addressing declaratory relief recognized:

> "A declaratory action is a proper remedy to test the validity of a criminal statute where it affects one in his trade, business or occupation." To afford a businessman relief in such a situation without having first to be arrested is one of the functions of the declaratory judgment procedure.[20]

We agree with the circuit court that the affidavits submitted by plaintiff articulate

> concrete risks of violations of the PWA as a result of allegedly random changes to PWA rates, the lack of definition of PWA projects and the absence of PWA statutory definitions for statutory language that may be material to enforcement of the criminal sanctions.

Further, we agree with the circuit court's conclusion that "the risks of enforcement of the statute together with the

---

[19] MCL 408.557.

[20] *Strager v Wayne Co Prosecuting Attorney*, 10 Mich App 166, 171; 159 NW2d 175 (1968)(citations omitted).

asserted character of the potential for violations of the PWA, present a justiciable controversy.

Plaintiff's affidavits establish precisely the kind of controversy that the declaratory judgment rule was intended to cover.

IV

Conclusion

We reverse the Court of Appeals denial of declaratory relief and remand to the Court of Appeals for reconsideration and resolution of defendants' appeal and plaintiff's cross-appeal on the merits.

Elizabeth A. Weaver
Clifford W. Taylor
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

14

ASSOCIATED BUILDERS AND CONTRACTORS,
SAGINAW VALLEY AREA CHAPTER,

    Plaintiff-Appellant,

v                                       No. 124835

KATHLEEN M. WILBUR, DIRECTOR OF THE MICHIGAN
DEPARTMENT OF CONSUMER & INDUSTRY SERVICES AND
PROSECUTING ATTORNEY,

    Defendants-Appellees,

and

MICHIGAN STATE BUILDING & CONSTRUCTION
TRADES COUNCIL,

    Intervenor/Defendant/Appellee,

and

MICHIGAN CHAPTER OF THE NATIONAL ELECTRICAL
CONTRACTORS ASSOCIATION, INC., a Michigan
Corporation, MICHIGAN MECHANICAL CONTRACTORS
ASSOCIATION, a Michigan Corporation, and
MICHIGAN CHAPTER OF SHEET METAL AIR CONDITIONING
CONTRACTORS NATIONAL ASSOCIATION, a Michigan Corporation,

    Intervenors/Defendants/Appellees,

and

MICHAEL D. THOMAS, Saginaw County
Prosecuting Attorney,

    Intervenor/Appellee.
_____

CAVANAGH, J. (*dissenting*).

I prefer to grant leave to appeal in this case; therefore, I must respectfully dissent. Determining that plaintiff may bring an action for declaratory judgment may have ramifications far beyond the prevailing wage act, MCL 408.551 *et seq.*, and I believe that deciding this case without full briefing from the parties and interested amici is not prudent. Therefore, I would prefer the opportunity to fully explore the consequences of today's decision before issuing an opinion.

Michael F. Cavanagh
Marilyn Kelly

2