## GALLAGHER v SECRETARY OF STATE

1. LICENSES—DRIVERS' LICENSES—SUSPENSION—APPEAL—STATUTES.

   The statute which empowers the Secretary of State to suspend or revoke a person's drivers' license in specified circumstances also provides for the manner in which the person affected may appeal such a suspension (MCLA 257.323, 257.323a, 257.323c, 257.625f).

2. ADMINISTRATIVE LAW—EXHAUSTION OF REMEDIES—JUDICIAL REVIEW.

   Courts cannot act in restraining administrative proceedings until the remedies thereunder have been exhausted.

3. ADMINISTRATIVE LAW—LICENSES—DRIVERS' LICENSES—EXHAUSTION OF REMEDIES—JUDICIAL REVIEW—STATUTES.

   It was premature for a circuit court to grant an injunction prohibiting the Secretary of State from taking any action which would interfere with a plaintiff's driving privileges before the plaintiff appeared before the license appeal board for a hearing on a suspension; only a final determination by that board may be appealed to the circuit court in the manner provided by law (MCLA 257.323, 257.323a, 257.625f).

Appeal from Macomb, William J. Beer, J. Submitted Division 1 January 9, 1974 at Detroit. (Docket No. 16823.) Decided March 28, 1974.

Complaint by Edward J. Gallagher against the Secretary of State to enjoin the defendant from suspending plaintiff's driving privileges. Injunction granted. Defendant appeals. Reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 51 Am Jur 2d, Licenses and Permits § 142 *et seq.*

Ordinance providing for suspension or revocation of state-issued driver's license as within municipal power, 92 ALR2d 204.

*Thomas Guastello (Dank, Peterson & Hay, P. C.,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General and *Charles D. Hackney,* Assistant Attorney General, for defendant.

Before: LESINSKI, C. J., and McGREGOR and O'HARA,* JJ.

O'HARA, J. This case presents a procedural snarl that is difficult of disentanglement. The judicial determination from which appeal was taken of right is designated "Declaratory Judgment and Injunction". By whatever terms it is entitled it amounts to a permanent injunction against the Secretary of State and the enforcement personnel of his staff prohibiting them from "interfering with petitioner's driving privileges". Certainly, then it becomes and is an injunction.

The instrument, however, contains two other provisions that can be said to be declaratory of or at least interpretive of statutory language that is of consummate importance to the criminal jurisprudence of the State.

First, we will review the fact setting within which the injunctive relief was granted and the declaratory statutory construction was made.

Plaintiff below and appellee here was arrested for driving under the influence of intoxicating liquor[1] and for being drunk and disorderly.[2] The second offense is not involved in the decisional disposition of this case.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 257.625; MSA 9.2325.

[2] The latter charge apparently was under a local ordinance.

We will not set forth herein lengthy excerpts from the involved statutes, nor include statutory citations repetitively in our discussion. We choose to advert to them by common descriptive names and footnote them in the opinion for the convenience of those who may need the citations for additional research.

Appellee was involved in an automobile accident. The record is somewhat truncated and all the details of the accident are not included. It may fairly be said that after the accident the Sterling Heights Police Department was called. When an officer arrived at the scene, he placed plaintiff under arrest for what is commonly known as drunken driving. The officer had no warrant. The officer then advised plaintiff that under the "implied consent" statute[3] he would be required to take a chemical test to determine the amount, if any, of alcohol in his blood. Plaintiff refused. In due time he received a notice of sworn statement of refusal to submit to a chemical test for alcohol. The notice contained the advice of intention to suspend his driving privileges pursuant thereto. The notice further stated that if plaintiff desired a hearing in relation thereto a request therefor must be made within 14 days of the date of the notice.[4]

Plaintiff timely made such request. Accompanying the request was a letter signed by plaintiff's counsel in effect objecting to the legal sufficiency of the grounds upon which the hearing was based. Several adjournments took place. Meanwhile plaintiff started his action in the circuit court alleging that plaintiff's arrest was unlawful because the offense charged was a misdemeanor, and

---

[3] MCLA 257.625c; MSA 9.2325(3).

[4] *See* MCLA 257.625e; MSA 9.2325(5); MCLA 257.625f; MSA 9.2325(6).

the claimed misdemeanor, *i.e.* the act of driving, was not committed in the presence of the arresting officer. This, argues plaintiff, was in plain violation of plaintiff's rights and exceeded the officer's powers of arrest without a warrant as defined in MCLA 764.15; MSA 28.874. There is no gainsaying the fact that literally the statute says "Any peace officer may, without a warrant, arrest a person [f]or the commission of any * * * misdemeanor committed in his presence".

On the basis of the foregoing provision plaintiff argued the alleged misdemeanor was not committed in the officer's presence, ergo the arrest was unlawful. Since the arrest was unlawful the plaintiff could not be held under the statute.

Whatever the merits of this argument may or may not be we are constrained to hold that the learned circuit judge acted prematurely by injunctively stopping all proceedings under the statute. This for the reason that there was no final determination by the license appeal board from which an appeal could be taken by plaintiff to the circuit court in the manner provided by the act.[5] For this reason we are compelled to vacate the injunction as it applied to the proceedings before the board.

Defendant below and appellant here then took another tack. He ordered plaintiff in for a hearing under the statute[6] which authorizes an inquiry into the fitness of a driver who has been involved in three accidents within a 24-month period resulting in personal injury or damage to property in each accident in excess of $200 and in which the

[5] For the pertinent provisions in the Vehicle Code governing appeals to circuit court, see generally MCLA 257.323; MSA 9.2023; MCLA 257.323a; MSA 9.2023(1); MCLA 257.323c; MSA 9.2023(3); MCLA 257.625f; MSA 9.2325(6).

[6] MCLA 257.320; MSA 9.2020.

official police report indicates a moving violation on the part of the involved driver.

On petition for "clarification" of the injunctive order the trial judge held that his injunctive order applied to *any* action of defendant-appellant which would result in suspension or revocation of plaintiff's driving privileges. Again we must disagree with the trial judge and hold his action to have been premature and, as he interpreted it, overbroad. Majestic as are the powers of the chancellor they do not extend to emasculating legislative enactments which themselves provide for judicial review of administrative action by appeal from the administrative determination. Thus we must vacate the injunction against appellant doing exactly what the statute clearly permits him to do.

We have not, as we said, burdened this opinion with statutory excerpts. Nor have we recited litanies of authority holding very simply and basically that courts cannot act in restraining administrative proceedings until the remedies thereunder have been exhausted. Such is the settled law.

As to the merits of plaintiff's claims we express no opinion. Were we to do so we would in effect be rendering before-the-fact advisory opinions. Such is not our function. Whether all of the proceedings complained of and the statutes upon which they are based are constitutionally infirm is not before us. We are a court of review on records made in all but few exceptional cases.

On this record we vacate and hold for naught the injunction. We vacate the declaratory judgment. We direct the dismissal of the action in the circuit court as prematurely brought and of at least questionable jurisdiction to entertain.

All of the foregoing are without prejudice to plaintiff raising whatever defenses he chooses in-

cluding any challenge to constitutionality before the administrative agencies and if such determinations be adverse to reassert them on appeal to the circuit court in the manner provided by law.

Reversed.

All concurred.