GALLAGHER v SECRETARY OF STATE (ON REHEARING)

1. DECLARATORY JUDGMENT—ADMINISTRATIVE REMEDIES—EXHAUSTION
   OF REMEDIES.

   A declaratory judgment may be sought and obtained without the
   exhaustion of all administrative remedies in some circum-
   stances, even though generally a court will not act in restrain-
   ing administrative proceedings until the remedies thereunder
   have been exhausted.

2. ARREST—ARREST WITHOUT WARRANT—MISDEMEANORS—PRESENCE
   OF OFFICER—PROBABLE CAUSE.

   A peace officer may not arrest without a warrant for a misde-
   meanor which was not committed in his presence whether the
   arrest is based on probable cause or on any other basis.

3. ARREST—ARREST WITHOUT WARRANT—MISDEMEANORS—PRESENCE
   OF OFFICER—PERSONAL OBSERVATIONS—REASON TO BELIEVE—
   REASONABLE MEN.

   A police officer may arrest without a warrant for a misdemeanor
   if it was actually committed in his presence or if from personal
   observation the officer has reason to believe that a misde-
   meanor was committed in his presence, and the test of that
   reasonable belief is whether the circumstances observed by the
   officer would lead a reasonable person to conclude that he was
   witnessing the commission of a misdemeanor by the person
   arrested.

4. ARREST—ARREST WITHOUT WARRANT—MOTOR VEHICLES—DRIVER
   INCAPACITY—RESTRAINING DRIVING—CONFISCATION OF KEYS—
   SUBSEQUENT ARREST.

   A peace officer who comes upon a vehicle, the driver of which he

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur 2d, Declaratory Judgments §§ 15, 31.
  Right to declaratory relief as affected by existence of other remedy.
    172 ALR 847.
[2, 3] 5 Am Jur 2d, Arrest §§ 26, 28.
[4] 5 Am Jur 2d, Arrest §§ 41, 43.
[5, 6] 7 Am Jur 2d, Automobiles and Highway Traffic § 115.
  Suspension or revocation of driver's license for refusal to take
    sobriety test. 88 ALR2d 1064.

has seen commit no offense but who is manifestly unable to drive safely due to illness or any other incapacity, is allowed to restrain that person's continued driving by commandeering the keys to the vehicle, but any arrest that may be made subsequently must comply with the legal requirements of a valid arrest.

5. Arrest—Valid Arrest—Drunk Driving—Tests of Intoxication —Implied Consent—Loss of License.

The essential element to energize the statutory mandate of the implied consent law is a prior valid arrest; law enforcement officers may not on what they alone consider reasonable grounds, without any judicial restraint, supervision, or requirement of valid arrest, request a citizen to take a chemical test of bodily substances or suffer, because of refusal to comply, the grave penalty of license loss.

6. Courts—Injunction—Improper Arrest—Licensing Authorities —Suspension of License—Proper Refusal of Intoxication Test—Overbreadth—Other Disciplinary Proceedings.

An injunction restraining the licensing authorities from any proceedings to suspend the license of a driver who properly refused chemical tests for intoxication after an invalid arrest is overbroad where that driver is also subject to other statutory disciplinary proceedings unrelated to the intoxication test.

Appeal from Macomb, William J. Beer, J. Submitted Division 1 January 9, 1974, at Detroit. (Docket No. 16823.) Decided March 10, 1975. Leave to appeal denied, 394 Mich 818.

Complaint by Edward J. Gallagher against the Secretary of State to enjoin the defendant from suspending plaintiff's driving privileges. Injunction granted. Defendant appealed. Reversed. On rehearing, affirmed in part and modified in part.

*Thomas Guastello (Dank, Peterson & Hay, P. C.* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General and *Charles D. Hackney,* Assistant Attorney General, for defendant.

Before: LESINSKI, C. J., and McGREGOR and O'HARA,* JJ.

O'HARA, J. We granted rehearing in this case on application by plaintiff-appellee in order to broaden the base of our previous opinion which was decisionally bottomed on the appellee's failure to exhaust his administrative remedies. It is reported at 52 Mich App 416; 217 NW2d 446 (1974).

First, we deem it advisable to explain more fully our statement in our first opinion that:

"[C]ourts cannot act in restraining administrative proceedings until the remedies thereunder have been exhausted." 52 Mich App at 420.

Failure to explain the statement would suggest conflict with *Williams v North Carolina,* 33 Mich App 119; 189 NW2d 858 (1971). In that case an extraditee under a governor's fugitive warrant was claimed by the State to be limited in all respects to the test of extraditability by habeas corpus. Though the two cases are distinguishable in many respects we would not be understood to have meant by our language in our first opinion herein that under *no* circumstances can a declaratory judgment[1] be sought and obtained without the exhaustion of all administrative remedies.

It was permissible for the trial judge in this case to pass upon the validity of the arrest for the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] GCR 1963, 521.

misdemeanor of *drunken driving* not committed in the police officer's presence.[2]

To this extent then we modify our holding in the prior opinion so we may reach the question of the propriety of the trial judge restraining proceedings to compel plaintiff to be subjected to the administrative procedure prescribed for revocation of his driver's license for refusal to take a Breathalyzer test at the time of his arrest,[3] and all other administrative procedures for license revocation or suspension because his arrest was claimed to be illegal. Plaintiff's theory is that the offense for which he was arrested, what is commonly known as drunken driving,[4] is a misdemeanor. The *driving* was not committed in the officer's presence. This is admitted by both parties.

That a peace officer cannot arrest without a warrant for a misdemeanor not committed in his presence is the settled law of this state. MCLA 764.15; MSA 28.874, *People v Reed,* 43 Mich App 51; 203 NW2d 756 (1972), *Odinetz v Budds,* 315 Mich 512; 24 NW2d 193 (1946), *Pinkerton v Verberg,* 78 Mich 573; 44 NW 579 (1889).

In addition to the foregoing holdings is the recently released case of *People v Dixon,* 392 Mich 691; 222 NW2d 749 (1974), where the Supreme Court examined this Court's opinion in *People v Dixon,* 45 Mich App 64; 205 NW2d 852 (1973). We quote the excerpt examined:

" 'A police officer may arrest without a warrant for a misdemeanor if the misdemeanor was actually committed in the officer's presence or if, from personal observa-

---

[2] The issue of the right of the officer to arrest plaintiff for being drunk and disorderly as distinguished from drunken driving is not before us.

[3] MCLA 257.625d *et seq.;* MSA 9.2325(4) *et seq.*

[4] MCLA 257.625; MSA 9.2325.

tions, the officer has reason to believe that a misdemeanor was committed in his presence. A police officer has reason to believe that a misdemeanor has been or is being committed in his presence if the circumstances observed by him would lead a reasonable person to conclude that he was witnessing the commission of a misdemeanor by the person arrested.' " 392 Mich at 695.

Yet the Court went on to reaffirm, not once but twice, the prior established law as to arrests without warrants for misdemeanors. Again we quote:

"We agree with the Court of Appeals that Dixon's arrest was valid, *not because a police officer may arrest for the commission of a misdemeanor on probable cause —he may not—*but because the misdemeanor was committed in the arresting officer's 'presence.' " (Emphasis supplied.) 392 Mich at 695–696.

Further the Court said:

"A statute authorizes a peace officer to make a warrantless arrest for 'any felony or misdemeanor committed in his presence'. It also authorizes warrantless arrests for a felony on probable cause and in certain other circumstances, *but there is no authorization for a warrantless arrest for a misdemeanor whether on probable cause or on any other basis unless it was 'committed in his presence'."* (Emphasis supplied.) 392 Mich at 696.

This, of course, is not to say that the *driver* of the other vehicle involved in the collision in this case could not have made immediate complaint before a magistrate and upon due showing have a warrant issued and immediately served.

Neither is it to say that the officer himself after taking proper precautions to prevent further driving by appellee and for the safety of appellee

himself could not have sought a warrant upon his information or belief in the manner provided by law. We hold the officer could prevent appellee's further driving by commandeering the keys to his vehicle. We are not disposed to quibble over whether such a procedure would or would not be an "arrest". Common sense demands that if a peace officer comes upon a stopped car, the driver of which he has seen commit no offense, and yet which driver is manifestly unable to drive safely for illness or whatever reason, he must be allowed to restrain that person's continued driving. Any arrest that may be made subsequently can abide complying with legal requirements. In so holding we think we vest no police state powers in a peace officer and still protect others on the highway.

Thus, we modify our decision in the first opinion to hold that the portion of the declaratory judgment declaring appellee's arrest illegal is affirmed. The issue was discretionally entertained by the trial court under the authority of *Williams, supra.*

We hold the trial judge was correct in his ruling as to the invalidity of the arrest on the basis of the precedential law hereinbefore cited.

This brings us to the question of the legal propriety of that part of the injunction issued by the trial judge restraining the administrative agency from requiring appellee to follow the statutorily prescribed procedure for revocation of his driver's license for his admitted refusal to take a Breathalyzer test when requested to do so by the officer, after having been duly advised of the consequence of refusal.

This, of course, calls into question the provision of the "implied consent" statute when the person requested to submit thereto has not been validly arrested. We set forth the relevant section of the act:

"(1) A person who operates a vehicle upon the public highways of this state is deemed to have given consent to chemical tests of his blood, breath, urine or other bodily substances for the purpose of determining the alcoholic content of his blood if:

"(a) He is arrested for driving a vehicle while under the influence of intoxicating liquor, or while his ability to operate a vehicle has been impaired due to the consumption of intoxicating liquor.

"Any person who is afflicted with hemophilia, diabetes or any condition requiring the use of an anticoagulant under the direction of a physician shall be not deemed to have given consent to the withdrawal of blood.

"(2) The tests shall be administered at the request of a law enforcement officer having reasonable grounds to believe the person was driving a vehicle upon the public highways of this state while under the influence of intoxicating liquor." MCLA 257.625c; MSA 9.2325(3).

Stated as succinctly as we can phrase it the question becomes:

Is a valid arrest an absolute condition precedent to the right of a law enforcement officer to request a person to submit to chemical tests of his blood, breath, urine or other bodily substances or suffer the penalty for such refusal?

We are acutely aware of what is at stake in this question of statutory construction. We have not the slightest inclination to dilute in the most minute degree the public purpose of apprehending and convicting intoxicated or impaired drivers. No less are we inclined to give a statute an unconstitutional interpretation and render nugatory all the good that was the legislative purpose in passing the act.

We cannot conceive that the Legislature had the remotest intention by its wording of subsection 2, to mean that law enforcement officers can on what

they alone consider "reasonable grounds" without any judicial restraint, supervision, or requirement of prior valid arrest, request a citizen to take a chemical test of bodily substances or suffer the grave penalty of license loss or suspension on refusal to comply.

Hence we hold that the *sine qua non* to energize the statutory mandate of the "implied consent" law is a prior valid arrest.

Since the arrest in this case was invalid so was the request to submit to the test or suffer the consequences of refusal. To this extent and to this extent alone do we uphold the injunction against further proceedings emanating from the alleged drunken driving by appellee.

We choose not to address ourselves to the jurisdictional question of whether the injunction was in fact mandamus against a state officer and thus originally cognizable only in this Court or the Supreme Court.[5] This is because of the result we here reach. Our holding would not have been different had the question originated in this Court.

As to the balance of the injunction of the trial judge restraining the agency from *any* proceedings to suspend or revoke the appellee's driver's license we vacate it as overbroad and not within the scope of the effect of the holding of an invalid arrest.

Thus the proceedings relating to the notice issued to appellee because of alleged involvement in three accidents resulting in personal injury or property damage in excess of $200 within a 24-month period may proceed in the manner provided by law.[6]

Thus as to our original opinion we modify to the extent specified herein.

---

[5] GCR 1963, 714.

[6] MCLA 257.320; MSA 9.2020.