GREATER BETHESDA HEALING SPRINGS MINISTRY v
EVANGEL BUILDERS & CONSTRUCTION MANAGERS, LLC

Docket No. 280185. Submitted December 10, 2008, at Detroit. Decided
February 10, 2009, at 9:00 a.m.

Greater Bethesda Healing Springs Ministry brought a breach of
contract action in the Wayne Circuit Court against Evangel
Builders & Construction Managers, LLC, Vincent Colbert, HMC
Mechanical Corp., and Leslie Upfall. Various counterclaims and
cross-claims were filed, and KEK Enterprises, Inc., which was not
a party to the action, brought its own action against HMC, Upfall,
Evangel Builders and Greater Bethesda. The actions were consoli-
dated and all parties agreed to submit their disputes for binding
arbitration. The arbitrator issued an award that provided, in part,
that Upfall and HMC were jointly liable to Evangel Builders and
Colbert for $75,000. KEK filed the arbitration award with the
circuit court clerk, and the court, John H. Gillis, Jr., J., entered a
judgment confirming the arbitration award. Upfall appealed.

The Court of Appeals *held*:

1. KEK's filing of the arbitration award with the circuit court
clerk satisfied the requirements of MCR 3.602(I), which governs the
confirmation of arbitration awards. The two cases were consolidated
and treated as one for purposes of arbitration, and nothing in MCR
3.602(I) requires that all parties seeking to enforce an arbitration
award must each file the arbitration award separately.

2. MCR 3.602(I) requires that an arbitration award be filed
within one year after the award was rendered, not that the award
must be confirmed within one year after it was rendered. The
arbitration award in this case was timely filed.

3. The judgment is consistent with the arbitration award with
respect to the finding that Upfall had tortiously, intentionally, and
improperly interfered with the contract between Evangel Builders
and Greater Bethesda.

Affirmed.

*Urso & Raeges, P.C.* (by *John R. Urso*), for Evangel
Builders & Construction Managers, LLC, and Vincent
Colbert.

*Michael C. Hechtman, P.C.* (by *Michael C. Hechtman*), for Leslie Upfall.

Before: SERVITTO, P.J., and OWENS and K. F. KELLY, JJ.

PER CURIAM. Defendant Leslie Upfall appeals as of right the trial court's order of judgment affirming an arbitration award in favor of Evangel Builders & Construction Managers, LLC, and Vincent Colbert[1] and against Upfall. Because the judgment was properly entered and is consistent with the arbitrator's award, we affirm.

Plaintiff initiated this action in relation to a church Evangel was to build for plaintiff. Evangel hired defendants HMC Mechanical Corp (HMC) and its owner, Leslie Upfall, as subcontractors on the project, and HMC subsequently hired other subcontractors to perform some of the services for which it had contracted. In its complaint, plaintiff alleged, among other things, that the work performed by defendants was defective, that it paid defendants for services not completed, and that defendants breached the contract and certain warranties with respect to their work. Various cross-claims and counterclaims followed, and one of the subcontractors hired by HMC, KEK Enterprises, Inc., filed a separate complaint against HMC, Upfall, Evangel Builders, plaintiff, and others for damages arising out of the church construction project. The actions were consolidated and, upon the parties' agreement, their disputes were submitted for binding arbitration under the Michigan arbitration act, MCL 600.5001 *et seq.*

The arbitrator issued an award on September 14, 2005, that provided, in part, that Upfall was liable

---

[1] Colbert is the owner of Evangel Builders and Construction Managers, LLC, and these defendants shall singularly be referred to as "Evangel Builders."

(jointly with HMC) to Evangel Builders and Colbert in the amount of $75,000. KEK Enterprises filed the arbitration award with the clerk of the court on September 19, 2005, and, shortly thereafter, Upfall filed for bankruptcy. The trial court entered a judgment on the award on June 27, 2006. After the entry of an order by the United States Bankruptcy Court, the trial court set aside the judgment and thereafter entered a new (but substantially same) judgment on July 13, 2007, against Upfall and in favor of Evangel Builders. Upfall moved for reconsideration, which the trial court denied. This appeal followed.

On appeal, Upfall first argues that the July 13, 2007, judgment was improperly entered, as the arbitration award was not filed with the trial court in the instant case, as required by MCR 3.602(I). The interpretation and application of a court rule involves a question of law that this Court reviews de novo. *Associated Builders & Contractors v Dep't of Consumer & Industry Services Director*, 472 Mich 117, 123-124; 693 NW2d 374 (2005). The rules governing the construction of statutes apply with equal force to the interpretation of court rules. *Rafferty v Markovitz*, 461 Mich 265, 270; 602 NW2d 367 (1999). Clear and unambiguous language in a court rule must be given its plain meaning and enforced as written. *Fleet Business Credit, LLC v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 591; 735 NW2d 644 (2007).

MCR 3.602(I) provides:

> Award; Confirmation by Court. An arbitration award filed with the clerk of the court designated in the agreement or statute within one year after the award was rendered may be confirmed by the court, unless it is vacated, corrected, or modified, or a decision is postponed, as provided in this rule.

It is undisputed that the arbitration award resolved all the claims of *all* the parties in the two lawsuits and that KEK filed the award with the clerk of the court mere days after the award was issued. While Upfall contends that KEK filed the award only with respect to the KEK case, the date-stamped cover sheet under which the award was filed contains the case number of the instant matter. Moreover, the cases were consolidated and treated as one for purposes of arbitration and the award, and there is nothing in the language of MCR 3.602(I) that requires that all parties seeking to enforce an arbitration award separately file the award with the court clerk. Upfall has provided no authority suggesting or supporting such an interpretation; thus, this argument fails.

Upfall next contends that MCR 3.602 requires that any judgment on an arbitration award be entered within one year of the issuance of the award. According to Upfall, the entry of the July 13, 2007, judgment was in error because it was entered more than one year after the September 14, 2005, arbitration award. We disagree.

Notably, Upfall provides no authority to support his position and gives this issue only cursory treatment. An appellant may not merely announce its position and leave it to this Court to discover and rationalize the basis for its claims, unravel or elaborate its argument, or search for authority for its position. *Wiley v Henry Ford Cottage Hosp,* 257 Mich App 488, 499; 668 NW2d 402 (2003). Insufficiently briefed issues are deemed abandoned on appeal. *Blackburne & Brown Mortgage Co v Ziomek*, 264 Mich App 615, 619; 692 NW2d 388 (2004).

Nevertheless, in addressing the merits of Upfall's argument, we note, as we did previously, that the rules governing the construction of statutes apply with equal force to the interpretation of court rules. *Rafferty,*

*supra.* The drafters of statutes are presumed to know the rules of grammar, and statutory language must be read within its grammatical context unless a contrary intent is clearly expressed. *Niles Twp v Berrien Co Bd of Comm'rs,* 261 Mich App 308, 315; 683 NW2d 148 (2004).

The "last antecedent" rule of statutory construction provides that a modifying or restrictive word or clause contained in a statute is confined solely to the immediately preceding clause or last antecedent, unless something in the statute requires a different interpretation. *Stanton v Battle Creek,* 466 Mich 611, 616; 647 NW2d 508 (2002). Applying this rule to MCR 3.602(I), the clause "within one year after the award was rendered" applies to the filing of the award with the court clerk, not to the confirmation of the award by the court. Nothing in the court rule requires a different interpretation.

Additionally, at the time the arbitration award at issue was rendered, MCR 3.602(J)(2) required a party to file an application to vacate an arbitration award within 21 days after the party received a copy of the award, unless the award was "predicated on corruption, fraud, or other undue means," in which event the application had to be filed within 21 days after "the grounds are known or should have been known." MCR 3.602(K)(1) required a party to apply for modification or correction of an award within 21 days after the date of the award.[2] In the present case, appellant has never filed an application to vacate, modify, or correct the arbitration award. Given that the court "*shall* render judgment giving effect to the award as corrected, confirmed, or modified," MCR 3.602(L) (emphasis added), and the award having been confirmed, entry of the judgment was proper.

---

[2] In 2007, the court rule was amended to extend the time for filing a motion to vacate, modify, or correct an arbitration award to 91 days. See MCR 3.602(J), (K).

Finally, Upfall contends that the judgment, as entered, is inconsistent with the arbitration award. Generally, issues regarding an order enforcing an arbitration award are reviewed de novo. *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 554; 682 NW2d 542 (2004).

The judgment provides:

> A Judgment in favor of . . . Evangel Builders and Vincent Colbert shall be entered against . . . H.M.C. Mechanical Corporation and Leslie Upfall for their tortuous [sic], intentional and improper interference with the contract between Evangel and Plaintiff Greater Bethesda Healing Springs Ministry which resulted [in] Plaintiff Greater Bethesda's decision to terminate the contract between Greater Bethesda and Evangel and Vincent Colbert resulting in the loss of anticipated fees totaling Seventy-Five Thousand ($75,000) Dollars for Evangel Builders and Vincent Colbert. A Judgment in the amount of Seventy-Five Thousand ($75,000) Dollars shall be entered against . . . HMC Contracting and Leslie Upfall jointly and severally, inclusive of costs and attorney fees.

The text on page 11 of the arbitration award bears the heading, "Arbitration Award" and states, in relevant part, as follows:

> Hills Mechanical Contracting Corporation, a/k/a HMC, a Michigan Corporation and Leslie Upfall are jointly and severally liable, and shall pay Evangel Builders & Construction Managers, a Michigan Limited Liability Company, and Vincent Colbert the total sum of Seventy-Five Thousand and $^{00}/_{100}$ ($75,000) Dollars.

Upfall asserts that the language in the judgment concerning Upfall's "tortuous [sic], intentional and improper interference" is not included on page 11 of the arbitration award and, as such, should not have appeared in the judgment. Again, Upfall has failed to adequately brief this issue or cite any authority sup-

porting his position, rendering this issue effectively abandoned on appeal. See *Wiley v Henry Ford Cottage Hosp* and *Blackburne & Brown Mortgage Co v Ziomek, supra.* In any event, after briefly considering Upfall's argument, we find no error in the judgment.

MCR 3.602(L) states that "[t]he court shall render judgment giving effect to the award as corrected, confirmed, or modified." Page 9 of the arbitrator's decision includes the following passage:

> 5. Evangel and Colbert have filed a Counter/Cross Complaint against Defendant and Cross Plaintiffs HMC and Leslie Upfall alleging a Breach of Contract, Tortious Interference with Contractual Relations and Defamation. Credible evidence supports the complaint. Upfall's efforts in February and March 2002, including submitting a new contract between his company, HMC, and Greater Bethesda, are sufficient evidence of Upfall's *intentional and improper interference* with the contract between Evangel and Greater Bethesda, which more likely than not, precipitated Rev. Knowlton's decision to terminate the Greater Bethesda contract with Evangel. This termination resulted in a loss of anticipated fees for Evangel. The evidence warrants an award and judgment of Seventy-Five Thousand and $^{00}/_{100}$ ($75,000) Dollars to Evangel and against Les Upfall and HMC jointly and severally, inclusive of costs and attorney fees.

As seen above, the arbitrator explicitly found that Upfall intentionally and improperly interfered with the contract between Evangel and plaintiff. The statement in the judgment that Upfall tortiously, intentionally, and improperly interfered with the contract between Evangel and plaintiff is thus consistent with the arbitrator's decision.

Affirmed.