SCHREUR v DEPARTMENT OF HUMAN SERVICES

Docket No. 285792. Submitted November 10, 2009, at Lansing. Decided June 22, 2010, at 9:00 a.m.

Amanda Schreur filed a petition for review in the Bay Circuit Court after a Department of Human Services hearing referee entered an order that dismissed as untimely a request by Schreur for a hearing regarding the department's denial of Schreur's application for Medicaid disability benefits. The department had mailed Schreur a notice that it had denied the application on June 10, 2005. The notice stated as the reasons for the denial that Schreur's disability was not expected to last for at least 12 consecutive months and that it would not prevent her from working in any substantial gainful employment. The notice also contained several apparently incorrect references to sections of the department's program eligibility manual and program administrative manual. The notice informed Schreur that she could request a hearing within 90 days of the date of the notice. Schreur filed her request for a hearing 368 days after the date of the notice and 278 days after the expiration of the 90-day period in which to request a hearing. Schreur contended that the notice she received was inadequate and ineffective to start the 90-day period. The hearing referee disagreed with Schreur and issued an order dismissing the request for a hearing. The circuit court, William J. Caprathe, J., agreed with Schreur and concluded that because the department's notice did not conform to the requirements of 42 CFR 431.210 and 42 CFR 431.221, the 90-day period did not begin to run and the request for a hearing was timely. The court vacated the hearing referee's order and reinstated Schreur's request for a hearing on the substantive issue whether she is disabled. The department appealed.

The Court of Appeals held:

1. Because Schreur was an applicant for benefits, not a recipient of benefits, the department was not required by the relevant federal regulations to cite the specific provision supporting its denial, and its failure to do so did not affect the validity of the denial letter that the department sent or the timing of a request

for a hearing. The information that the department provided to Schreur regarding her application for benefits was sufficient under the relevant federal regulations, and she was provided with a reasonable amount of time to request a hearing as required under the federal regulations. Schreur's request for a hearing was untimely under the circumstances. The circuit court erred by ruling that the department was required to cite the specific regulations in support of its decision and by ruling that Schreur filed a timely request for a hearing.

2. The Michigan Administrative Code provides that applicants such as Schreur are entitled to a hearing. The code does not require the department to cite the specific provisions supporting its denial when, as in this case, the denial of an application for Medicaid benefits does not discontinue, terminate, suspend, or reduce public assistance or services. Because Schreur was not already a recipient of such benefits, the department was not required to cite the specific provisions supporting its denial, and its failure to do so did not affect the validity of the denial letter or the timing of a request for a hearing. Deference must be given, absent express guidance on how long applicants have to request a hearing following a denial of benefits, to the department's determination that 90 days from the date of the denial decision is a reasonable time limit on requests for a hearing.

Reversed.

1. SOCIAL SECURITY — MEDICAID — APPLICANTS — DENIALS — HEARINGS — NOTICES.

A state plan for administrating the Medicaid program must provide for granting an opportunity for a fair hearing to any individual whose application for medical assistance is denied or is not acted upon with reasonable promptness; the agency must inform the applicant, in writing at the time of the application, of the right to a hearing, the method by which to obtain a hearing, and that the applicant may represent himself or use legal counsel, a relative, a friend, or other spokesman; the agency must then allow the applicant a reasonable time to request a hearing; the information provided need not conform with the requirements for a notice of action provided in 42 CFR 431.210 and need not inform the applicant of the specific regulations that support the agency's decisions (42 USC 1396a[a][3]; 42 CFR 431.200, 431.206[b] and [c][1], 431.220[a][1], and 431.221[d]).

2. SOCIAL SECURITY — MEDICAID — APPLICANTS — DENIALS — HEARINGS — NOTICES.

> The Michigan Administrative Code provides the right to a hearing to a Medicaid applicant whose claim has been denied; the notice of such denial need not cite the specific provisions supporting the denial, and the applicant must be given a reasonable time within which to request a hearing (Mich Admin Code, R 400.901, 400.903).

*Foster, Swift, Collins & Smith, P.C.* (by *Richard C. Kraus*), for petitioner.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, and *Joshua S. Smith*, Assistant Attorney General, for respondent.

Before: BORRELLO, P.J., and WHITBECK and K. F. KELLY, JJ.

PER CURIAM. Respondent, the Department of Human Services (the Department) appeals by leave granted a circuit court order that held that the Department failed to provide proper notice to petitioner, Amanda Schreur, of her right to request a hearing regarding a denial of her application for Medicaid benefits. This Court also granted the Department's motion for a stay of the benefit payments.[1] We reverse.

### I. BASIC FACTS AND PROCEDURAL HISTORY

On April 29, 2005, Schreur filed an application for Medicaid disability benefits. Schreur, then 24 years old, had undergone back surgery in January 2005 to remove a tumor from her spine. She claimed that she was physically unable to work because she suffered from low back pain and weakness. Schreur could not stand or walk for more than a half-hour before her back got sore,

---

[1] *Schreur v Dep't of Human Servs*, unpublished order of the Court of Appeals, entered November 10, 2008 (Docket No. 285792).

but she had no problem sitting for long periods. Previously, Schreur had worked at a day-care center. Schreur sought benefits retroactively, in part, from January 2005 forward. It is undisputed that at the time of Schreur's application, she was not already a recipient of Medicaid disability benefits.

On June 10, 2005, the Department mailed Schreur notice that it had denied her application for Medicaid benefits because her disability was not "expected to last for at least 12 consecutive months" and would not prevent her from "working in any substantial gainful employment." At the top of the form, there was a short statement to the applicant: "If you do not understand the information in this notice, please contact me immediately. If you wish, you may meet with my manager and me to discuss the action(s) taken on your application." (Presumably, "me" referred to the specialist who signed and provided her contact information on the form.)

The notice also contained several "Manual Policy References." On the line marked "PEM" (acronym for Program Eligibility Manual), was typed "400 500 166." On the line marked "PAM" (acronym for Program Administrative Manual), was typed "110 115." Below the Manual Policy References was the following statement: "If your application is being denied, you may apply for assistance if your circumstances changes [sic]."

The backside of the notice further provided, "Procedures For Requesting A Fair Hearing." Specifically, the notice stated:

> If you believe this action is illegal, you may request a hearing within 90 days of the date of this notice. . . . All . . . requests for a hearing must be made IN WRITING and signed and dated by you.

\* \* \*

. Complete the "Request for Hearing" section below or any other written request. State that you want a hearing on the decision made by the Agency and briefly explain your reasons.

Immediately beneath this section was a form to fill out to request a hearing.

Schreur did not request a hearing within 90 days. Instead, she waited until June 13, 2006, to mail her request for review of the Department's decision to deny her application. The Department received the request on June 15, 2006. *Therefore, Schreur filed her hearing request 368 days after the date of the notice and 278 days after expiration of the 90-day period for requesting a hearing.*

On December 14, 2006, an administrative hearing was held regarding Schreur's substantive claim of disability and to determine whether Schreur's hearing request was timely. Schreur argued that her hearing request was timely because the Department's denial notice contained incorrect citations to the Department's administrative and eligibility manuals, which, she contended, made the notice inadequate and ineffective to start the 90-day period to request a hearing. More specifically, according to Schreur, the citations to the Department's policy manuals, PAM and PEM, were not relevant to the denial of Schreur's application for assistance because they did not pertain to disability determinations. Indeed, the Department concedes that manual item PEM 400 refers to assets, PEM 500 refers to income, PEM 166 refers to aged, blind, and disabled individuals, PAM 110 explains application filing and registration procedures, and PAM 115 explains application processing. Rather clearly, these manual items do not directly pertain to disability determinations.

The Department explained that the notice is "a Word document that workers often pre-fill . . . , and they just use the same [form] over and over again." The Department argued that the notice was adequate because it explained the reason for the denial of the application: that the impairment "has not lasted nor is expected to last for at least 12 consecutive months and does not prevent working in any substantial gainful employment." According to the Department, the notice informed Schreur of her right to a hearing and the 90 days she had to request a hearing. The Department argued that the incorrect manual citations should have prompted Schreur to request a hearing if she was confused about the reason for the denial of her application. In other words, according to the Department, the incorrect citations should have simply been an additional basis to request a hearing.

Citing Mich Admin Code, R 400.902, R 400.903, and R 400.904, the hearing referee explained that "[a]ny hearing request which protests a denial, reduction, or termination of benefits must be filed within 90 days of the mailing of the negative action notice." The referee rejected Schreur's argument that the Department's failure to cite the correct policy manual provisions underlying its decision to deny Schreur's Medicaid benefits application rendered the notice provided insufficient or defective. The referee reasoned that, although the Department was required to cite the specific provisions underlying its decision, the failure to do so merely constituted an additional ground on which to request a hearing to contest the Department's decision. The referee stated, "[T]he 90 day period to request a hearing applies to any issues connected with [the Department]'s actions of which the claimant has been notified of [sic], and that would include an omission of the

specific manual item(s) on which the action is based on [sic]." The referee found that the notice explained the specific reason for the denial and informed Schreur of her right to request a hearing within 90 days. Accordingly, the hearing referee issued an order dismissing Schreur's request for a hearing as untimely.

Schreur then filed a petition for review in the Bay Circuit Court. Schreur argued that the policy manual citation errors in the notice made it inadequate and defective and "tolled" the period that she had in which to request a hearing. Schreur agreed with the circuit court's assessment of her position that, if the section for manual references had said "PEM 260," it would have been a proper and adequate notice because PEM 260 covers Medicaid disability and sets forth the regulations regarding how a person is determined to be disabled under the Department's policy. Schreur readily acknowledged that she could have filed a request for a hearing within 90 days, but Schreur's counsel had decided to rely on the citation errors and waited a year to request a hearing in order to give her client an advantage. More specifically, Schreur's counsel explained:

> Part of the elements in defining disability are that you have to have a severe impairment which has lasted or will continue to last for a year. The younger a person, the more chances are is, is that they are going to—are—they are going to heal from that; they are going to be able to go back to work; they are not going to be found disabled. It was in the best interests of our client for us to wait, to be able to make a determination of whether she was going to meet that period of duration.

The Department reiterated its prior arguments and also argued that Schreur had neither alleged nor established any prejudice. The Department urged the circuit court not to reward Schreur's gamesmanship.

The circuit court agreed with Schreur's position and held that Schreur's claim was timely. The circuit court held that the 90-day period "begins at the point when timely and adequate notice of denial has been provided to an applicant." But the circuit court concluded that because the notice did not conform to the requirements of 42 CFR 431.210 and 42 CFR 431.221, the statutory 90-day period had not begun to run. The circuit court reasoned, "[I]f a person is going to lose their ability to have a review because they didn't respond within 90 days, it's a technical argument against them; then the technical aspect of the trigger not actually taking place appropriately, I think is—is equally viable." The circuit court therefore vacated the hearing referee's order and reinstated Schreur's request for a hearing on the substantive issue whether she was disabled. The Department now appeals the circuit court's holding and asserts that the circuit court's interpretation of the applicable law was erroneous.

## II. NOTICE REQUIREMENTS

### A. STANDARD OF REVIEW

The Department argues that because 42 CFR 431.221(d) unambiguously restricts an applicant's right to request a hearing to 90 days, the circuit court erred when it held that Schreur timely filed a request for a hearing. According to the Department, Schreur received adequate notice that the Department denied her application for Medicaid disability benefits and a nonconforming notice does not permit an applicant to exceed the 90-day limitation to request a hearing, absent a showing of actual prejudice. The Department adds that Schreur did not suffer any actual prejudice from its failure to cite the precise departmental policies underlying its denial; Schreur knew precisely why the

Department denied her application and that she had 90-days to request a hearing.

We review a circuit court's review of an agency's decision for clear error,[2] but we review de novo questions regarding interpretation of statutes and administrative rules.[3] Although our review is de novo, " 'the construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons.' "[4] "This standard requires 'respectful consideration' and 'cogent reasons' for overruling an agency's interpretation."[5] "[T]he agency's interpretation is not binding on the courts, and it cannot conflict with the Legislature's intent as express in the language of the statute at issue."[6]

### B. PRINCIPLES OF STATUTORY INTERPRETATION

The goal of statutory interpretation is to give effect to the intent of the Legislature.[7] The first step in determining the intent of the Legislature is to examine the language of the statute.[8] If the plain and ordinary meaning of the language is clear, judicial construction is

[2] *Glennon v State Employees' Retirement Bd*, 259 Mich App 476, 478; 674 NW2d 728 (2003).

[3] *Detroit v Ambassador Bridge Co*, 481 Mich 29, 35; 748 NW2d 221 (2008); *United Parcel Serv, Inc v Bureau of Safety & Regulation*, 277 Mich App 192, 202; 745 NW2d 125 (2007).

[4] *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 103; 754 NW2d 259 (2008), quoting *Boyer-Campbell Co v Fry*, 271 Mich 282, 296; 260 NW 165 (1935) (citation and quotation marks omitted).

[5] *In re Rovas Complaint*, 482 Mich at 103.

[6] *Id.*

[7] *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004).

[8] *Halloran v Bhan*, 470 Mich 572, 577; 683 NW2d 129 (2004).

neither necessary nor permitted.[9] The Legislature is presumed to have intended the meaning it plainly expressed.[10] We must enforce clear statutory language as written.[11] The rules of statutory construction apply with full force to administrative regulations.[12] We are to presume that drafters of regulations know the rules of grammar, and we must read regulatory language in its grammatical context unless a different intent is clearly expressed.[13]

### C. MEDICAID DENIAL AND RIGHT TO A HEARING

Schreur does not contest that the Department informed her of the reasons for the denial of Medicaid benefits and that the Department informed her of her right to a hearing for review of that decision. Schreur contends, rather, that the 90-day hearing-request period did not bind her because the Department did not properly cite the "specific provisions" supporting the denial. On the surface, therefore, the salient question here would appear to be whether the Department's failure to cite the correct, specific provisions supporting its denial consequently failed to start the running of a hearing-request period. But the underlying and more basic question relates to Schreur's status under both federal and state law. We conclude that, because Schreur was an *applicant* for benefits, not a *recipient* of benefits, the Department was

---

[9] *Nastal v Henderson & Assoc Investigations, Inc*, 471 Mich 712, 720; 691 NW2d 1 (2005).

[10] *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007).

[11] *Fluor Enterprises, Inc v Dep't of Treasury*, 477 Mich 170, 174; 730 NW2d 722 (2007).

[12] *Lansing Mayor v Pub Serv Comm*, 470 Mich 154, 157; 680 NW2d 840 (2004).

[13] *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Mgrs, LLC*, 282 Mich App 410, 414; 766 NW2d 874 (2009).

not required to cite the specific provisions supporting its denial. Consequently, its failure to do so did not affect the validity of the denial letter that it sent or the timing for a request for a hearing.

1. FEDERAL LAW

a. OVERVIEW

Medicaid is a cooperative program of the federal and state governments that assists participating states in providing medical services to the needy.[14] The program is authorized under the Social Security Act,[15] which directs participating states to promulgate Medicaid program plans consistent with its provisions and the applicable regulations codified in title 42 of the Code of Federal Regulations. Although the federal and state governments jointly finance Medicaid benefit programs, the programs are administered by the states "[w]ithin broad federal rules . . . ."[16] In other words, while each state "decides eligible groups, types and range of services, payment levels for services, and administrative and operating procedures," their administration of these services is governed by, and is within the confines of, the statutes and applicable federal regulations.[17] Among other things, a state plan must "provide for granting an opportunity for a fair hearing . . . to any individual whose claim for medical assistance . . . is denied or is not acted upon with reasonable promptness[.]"[18] Accordingly, a particular set of federal regulations establishes certain notice and hearing procedures.

---

[14] 42 USC 1396.

[15] 42 USC 1396 *et seq.*

[16] 42 CFR 430.0.

[17] *Id.*

[18] 42 USC 1396a(a)(3); see also 42 CFR 431.200.

b. APPLICANTS VERSUS RECIPIENTS

The federal Medicaid rules provide:

(a) The State agency must grant an opportunity for a hearing to the following:

(1) Any *applicant* who requests it because his claim for services is denied or is not acted upon with reasonable promptness.

(2) Any *recipient* who requests it because he or she believes the agency has taken an action erroneously.[19]

Thus, both applicants and recipients are, under the delineated circumstances, entitled to a hearing. With respect to the timing of a requested hearing, pursuant to 42 CFR 431.221(d), "[t]he agency must allow the applicant or recipient a reasonable time, not to exceed 90 days from the date that notice of action is mailed, to request a hearing." At first glance, this provision might seem to indicate that both applicants and recipients are entitled to a reasonable time, not to exceed 90 days, to request a hearing. However, a closer review of the plain language of 42 CFR 431.221(d) reflects that there is a triggering event to the applicability of the 90-day period: an agency must first mail a "notice of action."

The regulations provide definitions for the terms "notice" and "action." The regulations define "notice" as "a written statement that meets the requirements of [42 CFR] 431.210."[20] And the regulations define "action" as "a termination, suspension, or reduction of Medicaid eligibility or covered services."[21] Further, 42 CFR 431.210 provides:

---

[19] 42 CFR 431.220 (emphasis added); see also 42 CFR 431.200.

[20] 42 CFR 431.201.

[21] *Id.*

A notice required under § 431.206(c)(2), (c)(3), or (c)(4) of this subpart must contain—

(a) A statement of what action the State . . . intends to take;

(b) The reasons for the intended action;

(c) The specific regulations that support, or the change in Federal or State law that requires, the action;

(d) An explanation of—

(1) The individual's right to request an evidentiary hearing if one is available, or a State agency hearing; or

(2) In cases of an action based on a change in law, the circumstances under which a hearing will be granted; and

(e) An explanation of the circumstances under which Medicaid is continued if a hearing is requested.

And 42 CFR 431.206, titled "[i]nforming applicants and recipients," provides, in pertinent part:

(b) The agency must, at the time specified in paragraph (c) of this section, inform every applicant or recipient in writing—

(1) Of his right to a hearing;

(2) Of the method by which he may obtain a hearing; and

(3) That he may represent himself or use legal counsel, a relative, a friend, or other spokesman.

(c) The agency must provide the information required in paragraph (b) of this section—

(1) At the time that the individual applies for Medicaid;

(2) At the time of any action affecting his or her claim;

(3) At the time a skilled nursing facility or a nursing facility notifies a resident in accordance with §483.12 of this chapter that he or she is to be transferred or discharged; and

(4) At the time an individual receives an adverse determination by the State with regard to the preadmission screening and annual resident review requirements of section 1919(e)(7) of the Act.

Reading all these definitions and provisions together, it becomes evident that, unlike a *recipient*, an *applicant* for benefits will never receive a 42 CFR 431.210 *notice of action*. That is, because an applicant has not yet established a right to services, he or she can never be subjected to an "action" in the form of "a *termination, suspension,* or *reduction* of Medicaid eligibility or covered services."[22] Moreover, we find it significant that 42 CFR 431.206(c)(2), (3), and (4), which describe particular instances in which a "notice" complying with 42 CFR 431.210 must be sent, do not apply to *applicants*, but only to actions or events affecting *recipients*. Only 42 CFR 431.206(c)(1), which requires that "[t]he agency must provide the information required in paragraph (b) . . . [a]t the time that the individual *applies* for Medicaid,"[23] covers applicants.

It is important to understand that these provisions distinguish between those persons who are applicants and those who are recipients and have already established a right to services. The regulations make a distinction between applicants and recipients in terms of providing those individuals notice of agency decisions. Applicants, because they by definition cannot receive a 42 CFR 431.210 notice of action, are entitled to a hearing with no particularized requirement regarding the timing of that hearing. Recipients, by contrast, are entitled to "a reasonable time, not to exceed 90 days from the date that notice of action is mailed, to request

---

[22] See 42 CFR 431.201 (defining "action") (emphasis added); see also 42 CFR 431.200(b).

[23] Emphasis added.

a hearing."[24] With this distinction in mind—as confusing, circular, and internally contradictory as it might be—we next turn to deciphering the separate rights and responsibilities associated with applicants and recipients.

### c. RIGHTS AND RESPONSIBILITIES REGARDING RECIPIENTS

Whenever a state agency terminates, suspends, or reduces a recipient's Medicaid eligibility or covered services,[25] the agency must inform the recipient, in writing, "(1) [o]f his right to a hearing; (2) [o]f the method by which he may obtain a hearing; and (3) [t]hat he may represent himself or use legal counsel, a relative, a friend, or other spokesman."[26] And this writing—this notice of action—must contain:

> (a) A statement of what *action* the State . . . intends to take;
>
> (b) The reasons for the intended *action*;
>
> (c) *The specific regulations* that support, or the change in Federal or State law that requires, the *action*;
>
> (d) An explanation of—
>
> (1) The individual's right to request an evidentiary hearing if one is available, or a State agency hearing; or
>
> (2) In cases of an action based on a change in law, the circumstances under which a hearing will be granted; and
>
> (e) An explanation of the circumstances under which Medicaid is continued if a hearing is requested.[27]

---

[24] 42 CFR 431.221(d).

[25] 42 CFR 431.201 (defining "action"); see also 42 CFR 431.206(c)(2), (3), and (4).

[26] 42 CFR 431.206(b).

[27] 42 CFR 431.210 (emphasis added).

The recipient must then be given "a reasonable time, not to exceed 90 days from the date that *notice of action* is mailed, to request a hearing."[28]

### d. RIGHTS AND RESPONSIBILITIES REGARDING APPLICANTS

Whenever a state agency denies an applicant's request for services or does not act upon the request with reasonable promptness, the state agency must grant that applicant an opportunity for a hearing.[29] In keeping with this hearing opportunity, the state agency accordingly must inform the applicant, in writing, "(1) [o]f his right to a hearing; (2) [o]f the method by which he may obtain a hearing; and (3) [t]hat he may represent himself or use legal counsel, a relative, a friend, or other spokesman."[30] And, pursuant to 42 CFR 431.221(d), "[t]he agency must allow the applicant or recipient a reasonable time . . . to request a hearing."

Notably, we repeat that, unlike the notice of action that is sent to a *recipient*, the information provided to an *applicant* need not adhere to the 42 CFR 431.210 notice-of-action requirements. By its plain terms, 42 CFR 431.206(c)(1) only applies to applicants and, significantly, 42 CFR 431.210 does not cross-reference that subsection.[31] In other words, any information an *applicant* receives with regard to his or her Medicaid application need not conform with the notice requirements of 42 CFR

---

[28] 42 CFR 431.221(d) (emphasis added). See *Grossi v Delaware Dep't of Health & Social Servs, Div of Social Servs*, 1995 Del Super LEXIS 388, *4 (Del Super, August 8, 1995, No. 94A-08-016) ("[B]efore the 90 period [sic] begins to run notice that adequately informs the medicaid recipient of the agency's decision must be mailed.").

[29] 42 CFR 431.220(a)(1); see also 42 CFR 431.200.

[30] 42 CFR 431.206(b); 42 CFR 431.206(c)(1).

[31] 42 CFR 431.206(c)(1) states: "The agency must provide the information required in paragraph (b) of this section . . . [a]t the time that the individual applies for Medicaid[.]"

431.210 because those requirements apply only to *recipients*. Thus, in instances in which a decision is made with regard to a Medicaid application, the agency is not required to inform the applicant of the *"specific regulations* that support" that decision.[32] Nor does the 42 CFR 431.221(d) definition of a "reasonable time" to request a hearing—that is, that such time not exceed 90 days—apply to an *applicant*.

### e. RIGHTS AND RESPONSIBILITIES REGARDING SCHREUR

### i. SCHREUR'S STATUS AS AN APPLICANT

It is undisputed that before Schreur applied for Medicaid disability benefits, she was not already a recipient of Medicaid benefits. Accordingly, by definition, when the Department denied Schreur's application for Medicaid benefits, it did not perform an "action." That is, a denial is not "a termination, suspension, or reduction of Medicaid eligibility or covered services."[33] Therefore, any writing that the Department sent to Schreur regarding its denial would not have been a notice of action. Consequently, the Department was not required to inform Schreur of the specific regulations that supported its denial decision. In other words, because the denial letter that the Department sent to Schreur did not constitute a notice of action, the denial was not defective for failing to meet the 42 CFR 431.210(c) content-of-notice requirements, which require the Department to cite the *specific* regulations in support of its decision.

### ii. TIMING OF SCHREUR'S REQUEST FOR A HEARING

As an applicant, Schreur was not expressly bound by the 90-day hearing-request limitation in 42 CFR

---

[32] 42 CFR 431.210(c).

[33] 42 CFR 431.201 (defining "action").

431.221(d) that governs a recipient's opportunity to request a hearing. She was, rather, allowed a "reasonable time" to request her hearing.[34] However, the question remains: if the Department was required to allow Schreur a reasonable time to request a hearing, then how long was that *reasonable time*?

Although the 90-day hearing-request limitation of 42 CFR 431.221(d) only expressly governs a *recipient's* opportunity to request a hearing, we nevertheless find it a useful guide to gauge what constitutes a reasonable time for an *applicant* to request a hearing. And in using that 90-day period as a guide, we conclude that there can be no legitimate argument that 368 days—more than a year—after the date of the denial decision was a reasonable time. Indeed, there can be no dispute that 368 days after the denial decision was clearly an *unreasonable* time.

Moreover, we also reach this conclusion in light of the fact that the Department, in keeping with its responsibility to notify applicants "[o]f the method by which [they] may obtain a hearing,"[35] specifically notified Schreur that she had 90 days from the date of the denial decision to request a hearing. Thus, the Department, while perhaps failing to recognize the distinctions between an applicant and a recipient, nonetheless expressed its determination that 90 days was a reasonable time limit on requests for a hearing, and we give deference to the Department's decision.[36]

We also find it significant that at no time has Schreur ever argued that the 90-day time limitation was unreasonable or that she was unable to comply with it.

---

[34] 42 CFR 431.221(d).

[35] 42 CFR 431.206(b)(2).

[36] See *In re Rovas Complaint*, 482 Mich at 103; *Boyer-Campbell*, 271 Mich at 296-297.

Indeed, Schreur admits that she was aware of the deadline and could have filed a request for a hearing within 90 days. Yet she and her counsel purposefully chose to disregard the deadline as a matter of strategy.

In sum, the information that the Department provided to Schreur regarding her application for benefits was sufficient under the regulations and she was provided with a reasonable amount of time to request a hearing. Thus, under the circumstances, the necessary conclusion is that Schreur's request for a hearing was untimely. Accordingly, we conclude that the circuit court erred by ruling that the Department was required to cite the specific regulations in support of its decision and by ruling that Schreur timely filed her request for a hearing.

### 2. MICHIGAN LAW

Consistently with the federal regulations, Michigan also provides an applicant whose Medicaid claim has been denied a right to a hearing.[37] An applicant's right to an opportunity to challenge a denial of services is addressed *generally* in Mich Admin Code, R 400.901 and *specifically* in Mich Admin Code, R 400.903.

Rule 400.901, titled "Notice of right to hearing," states as follows:

> An applicant, recipient, or licensee shall be informed in writing at the time of application and at the time of any action affecting his claim:
>
> (a) Of his right to a hearing, as provided in R 400.903.
>
> (b) Of the method by which he may obtain a hearing, as provided in R 400.903.

---

[37] See *Detroit Base Coalition for the Human Rights of the Handicapped v Dep't of Social Servs*, 431 Mich 172, 177; 428 NW2d 335 (1988).

(c) That he may be represented by an authorized representative, such as legal counsel, relative, friend, or other spokesman or he may represent himself.

Moreover, Rule 400.903, titled "Right to hearing," specifically addresses denials of applicants' claims and provides, in relevant part:

(1) *An opportunity for a hearing shall be granted to an applicant who requests a hearing because his claim for assistance is denied* or is not acted upon with reasonable promptness, and to any recipient who is aggrieved by an agency action resulting in suspension, reduction, discontinuance, or termination of assistance.[38]

Thus, under the Michigan Administrative Code, applicants are entitled to a hearing. However, as with the federal regulations, the question then becomes how long applicants have to request such a hearing.

Only one section of the Michigan Administrative Code provides any guidance on this question. Mich Admin Code, R 400.904(4), titled, "Request for hearing; timeliness," provides: "A claimant shall be provided 90 days from the mailing of the notice in R 400.902 to request a hearing." And Mich Admin Code, R 400.902(1) states:

In cases of proposed action to discontinue, terminate, suspend, or reduce public assistance or services, the department shall mail a timely notice before a proposed change would be effective. Timely means that the notice is mailed at least 10 days before the action would become effective. A notice shall include the following:

(a) A statement of what action the department intends to take.

(b) The reasons for the intended action.

(c) The specific regulations supporting the action.

---

[38] Emphasis added.

(d) An explanation of the individual's right to request a
hearing.

(e) The circumstances under which assistance or service
is continued if a hearing is requested.

When read together, the plain language of Rule
400.904(4) and Rule 400.902(1) clearly states that the
90-day limitation on the ability to request a hearing
starts from the mailing of a notice of negative action "to
*discontinue, terminate, suspend, or reduce public assis-*
*tance or services . . . .*"[39] And only those types of notice
of negative action are required to include "[t]he specific
regulations supporting the action."[40]

Again, it is undisputed that when Schreur applied for
Medicaid disability benefits, she was not already a
recipient of such benefits. Thus, the Department's
decision to deny Schreur's application for Medicaid
disability benefits would not "discontinue, terminate,
suspend, or reduce public assistance or services . . . ."
Accordingly, the Department's decision would not con-
stitute a "[n]otice of negative action" as Rule 400.902
defines such an action and would not trigger the run-
ning of a 90-day hearing-request period. Therefore,
under Michigan law, we conclude that the Department
was not required to cite the specific provisions support-
ing its denial. And its failure to do so did not affect the
validity of the denial letter that it sent or the timing for
a request for a hearing.

And, as we concluded under the federal provisions, in
the absence of express guidance on how long applicants
have to request a hearing following a denial of benefits,
we give deference to the Department's determination

---

[39] Mich Admin Code, R 400.902(1) (emphasis added).

[40] Mich Admin Code, R 400.902(1)(c).

that 90 days from the date of the denial decision was a reasonable time limit on requests for a hearing.[41]

### 3. THE DEPARTMENT'S POLICIES

The parties also cite several provisions of the Department's internal policies to support their respective positions. However, a rule not enacted pursuant to the procedures outlined in the Administrative Procedures Act[42] does not have the force of law.[43] Thus, the parties' reliance on the provisions of the Department's internal policies are persuasive only to the extent that we give deference to the Department's determination that 90 days from the date of the denial decision was a reasonable time limit on requests for a hearing.

### III. DUE PROCESS

Because Schreur was only an *applicant* and not a Medicaid *recipient*, the procedural due process issues outlined in *Goldberg v Kelly*[44] are not applicable to this case. That the regulations treat applicants and recipients differently is not surprising. What process is due requires a consideration of the government's interest, the private interest affected by the government's action, and the risk of an erroneous deprivation.[45] Here,

---

[41] See *In re Rovas Complaint*, 482 Mich at 103; *Boyer-Campbell*, 271 Mich at 296-297.

[42] MCL 24.201 *et seq.*

[43] *Faircloth v Family Independence Agency*, 232 Mich App 391, 402; 591 NW2d 314 (1998).

[44] *Goldberg v Kelly*, 397 US 254, 260; 90 S Ct 1011; 25 L Ed 2d 287 (1970) (stating that "the constitutional issue to be decided" in that case was "the narrow one whether the Due Process Clause requires that the recipient be afforded an evidentiary hearing *before* the termination of benefits").

[45] *Mathews v Eldridge*, 424 US 319, 335; 96 S Ct 893; 47 L Ed 2d 18 (1976).

the differing interests at stake account for the divergent procedural safeguards. Medicaid applicants have not secured, or otherwise shown, that they are entitled to the welfare benefit. By contrast, Medicaid recipients are statutorily entitled to, and are already receiving, those benefits. Accordingly, the notice and hearing requirements with regard to recipients are more stringent than those that apply to applicants.

We reverse.