*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GEORGE PLATSIS,

        Plaintiff-Appellant,

v

CALHOUN COUNTY WATER RESOURCES
COMMISSIONER,

        Defendant-Appellee.

UNPUBLISHED
March 23, 2026
3:26 PM

No. 376467
Calhoun Circuit Court
LC No. 2025-000793-NZ

Before: PATEL, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

Plaintiff, George Platsis, appeals by right the circuit court's order denying his motion to compel defendant, the Calhoun County Water Resources Commissioner, to clean and maintain Helmer Creek, an alleged county drain, and dismissing his case against defendant. We affirm.

## I. BACKGROUND

This case is the latest installment in plaintiff's long-running efforts to require defendant[1] to clean and maintain Helmer Creek, which partially runs through plaintiff's property. In July 1998, plaintiff filed an application to lay out and designate a drainage district and a petition to locate and establish a drain in the area near Helmer Creek. According to plaintiff, a drain system in that area, as well as the regular cleaning and maintenance of that system, were necessary to alleviate the continual flooding of his property by storm water runoff from nearby cities and townships.[2] Plaintiff's application and petition were unsuccessful. Over the ensuing years,

---

[1] The office of the commissioner was held by various individuals over the course of these efforts. Because those individual distinctions are not legally material for purposes of this opinion, we will refer to the commissioner as "defendant" without regard to them.

[2] In 1996, two years prior to filing his application and petition regarding the establishment of Helmer Creek as a drain, plaintiff filed a four-count complaint against the City of Battle Creek

plaintiff repeatedly contacted defendant's office and the cities' attorneys and engineers to address the issue, but to no avail. At some point thereafter, in response to plaintiff's repeated requests for documentation showing that Helmer Creek constituted a county drain, the attorneys working in defendant's office informed plaintiff that, based on their examination of the county's records, Helmer Creek was never legally established as a county drain. A formal legal opinion letter detailing the same was provided to plaintiff in April 2023.

Sometime in late 2023, plaintiff filed with defendant another submission regarding the establishment and maintenance of a drain near Helmer Creek, again asserting that his property was being continually flooded by inadequately drained storm water runoff from neighboring cities and townships. Defendant agreed to review plaintiff's submission and required a $7,500 deposit to cover the preliminary costs of that review and of surveying the land, which plaintiff paid. Several months later, defendant called plaintiff to inform him that, although he was not issuing a formal determination at that time, he did not believe, based on his recent conversations with the engineers that had been hired to survey the area, that the requested drain project would be practical. This was because the portion of plaintiff's property on which plaintiff wished to establish a drain was natural wetland, which legally could not be drained absent special permits from the Department of Environment, Great Lakes, and Energy (EGLE).

Plaintiff thereafter filed a verified complaint for mandamus, injunctive and declaratory relief, and equitable compensatory relief, alleging that defendant failed to perform his mandatory duties under MCL 280.72 to either appoint a three-person board of determination to consider and vote on plaintiff's submission or explain why he did not do so. Approximately three weeks later, and before defendant responded, plaintiff amended his complaint to include a claim of equitable estoppel, alleging that a commissioner in the 1850's had authorized the establishment of Helmer Creek as a county drain; that Helmer Creek had, in fact, been established as a drain known as the "Williams Drain" in approximately 1950; and that, in the time since, defendant had repeatedly failed to maintain or clean this existing drain. Plaintiff alleged that, given the clear legal existence of the Williams Drain and defendant's mandatory duties under the Drain Code, MCL 280.1 *et seq.*, defendant should be ordered "to undertake the necessary steps to finance, engineer, clean and maintain Helmer Creek and its branches for the foreseeable future of at least 76 years."

In response, defendant filed an answer admitting that he had received plaintiff's 2023 application and petition and corresponding cash deposit, but denying that he was obligated under MCL 280.72 to clean and maintain the drain. Defendant explained that the "Williams Drain" was not, in fact, an established county drain; this, in turn, meant that plaintiff's submission constituted an application governed by MCL 280.51 and MCL 280.52 rather than a petition governed by MCL 280.72, and defendant had handled plaintiff's application in accordance with those governing statutes. To show that no drain was ever previously established in the area, defendant attached

_____

regarding the purported storm water runoff flooding his property. In February 1998, following a bench trial, the trial court concluded that plaintiff had "no cause of action" against the City and entered judgment in the City's favor. *Platsis v City of Battle Creek*, unpublished per curiam opinion of the Court of Appeals, issued July 7, 2000 (Docket No. 210553), pp 1-2. Plaintiff subsequently appealed to this Court, which affirmed the trial court's decision. *Id*. at 5.

various documents related to the prior, unsuccessful attempt to establish the Williams Drain, including petitions and orders from the 1940's and 1950's. In light of this, defendant requested that the trial court dismiss the case "in its entirety and with prejudice" because plaintiff had failed to "set forth a 'case of actual controversy' " or otherwise "state a claim . . . upon which relief c[ould] be granted."

Approximately two weeks later, plaintiff filed a motion to compel defendant "to clean Helmer Creek, a county drain, as necessary, conducive to public health, convenience and welfare." Plaintiff's motion substantively mirrored his complaint, save some additional history regarding Helmer Creek and the surrounding property dating back to the 1850's, and plaintiff again requested that defendant be ordered to clean and maintain the drain. Plaintiff also requested that he be awarded "reasonable usage fees" for defendant's "misappropriation and taking of riparian rights . . . without the payment of just compensation." As proofs to support his position, plaintiff provided a copy of his 2023 submission, as well as various maps and photos of Helmer Creek and the surrounding area. In response, defendant reiterated that the Williams Drain was never established as a county drain within his jurisdiction and asserted that he could not "be compelled to clean and maintain a drain that does not exist."

The trial court then conducted a hearing to address the parties' filings. At the hearing, the parties maintained the positions set forth in their respective filings , and defendant also provided testimony regarding the matter. Defendant testified that, although there were attempts in the 1950's and the 1990's to establish the Williams Drain at Helmer Creek, "it never got moved forward with" because the area "was a natural wetland" that could not be drained. Defendant also testified that in February 2025, the engineering company that completed the survey for plaintiff's 2023 submission had informed him that "it wasn't feasible to make a drain in th[e] area because it [wa]s a natural wetland," which was prohibited by EGLE from being drained. Defendant stated that, based on this information, he determined that establishing a new drain in the area was not practical and he therefore would not pursue the matter further, and he subsequently sent to plaintiff a formal letter reflecting this determination as well as a copy of the engineering company's final report. The trial court thereafter denied plaintiff's requested relief and dismissed the case, concluding that defendant "d[id] not have any jurisdiction over this piece of land that [plaintiff] [wa]s asking him to clean or impact by his request."

This appeal followed.

## II. STANDARDS OF REVIEW

"We review de novo, as a question of law, whether a defendant had a clear legal duty to perform and whether a plaintiff has a clear legal right to performance of any such duty." *McCoy v Berrien Co Clerk*, 348 Mich App 602, 612; 19 NW3d 897 (2023). "But because mandamus is a discretionary writ, we review for an abuse of discretion the trial court's decision whether to grant mandamus relief." *Id*. (quotation marks and citation omitted). A trial court's decision to dismiss a case is also reviewed for an abuse of discretion. *Bradley v Progressive Marathon Ins Co*, 345 Mich App 126, 131; 3 NW3d 559 (2022). A trial court abuses its discretion "when it makes an error of law" or renders a decision that "results in an outcome falling outside the range of principled outcomes." *Id*. (quotation marks and citations omitted). "[I]n general," appellate courts "are not

inclined to reverse drain proceedings absent a showing of very substantial faults." *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 278; 831 NW2d 204 (2013) (cleaned up).

## III. DISCUSSION

As below, the crux of the parties' dispute on appeal is whether Helmer Creek is an existing county drain under defendant's jurisdiction. According to plaintiff, the trial court erred by failing to recognize that it is and that defendant had thus neglected his mandatory duty to clean and maintain this "legally established . . . drain."[3] We disagree.

Both below and on appeal, plaintiff has maintained that the history of Helmer Creek and the land surrounding it make clear that Helmer Creek is an existing drain under defendant's jurisdiction and control. But as the trial court correctly surmised, plaintiff's offered proofs to that effect failed to demonstrate that any such drain had previously been established. Plaintiff's proofs largely consisted of topographical maps and photos of Helmer Creek and the surrounding area, showing its varying conditions over the centuries. But none of these proofs specifically addressed whether Helmer Creek, or the "Williams Drain," had previously been established as a county drain under the legal requirements of the Drain Code. Plaintiff also provided a copy of his 2023 submission, which included a copy of a September 1948 letter from a "Mr. Williams" requesting that the "Williams Drain" be established in the area, and asserted that the commissioner acting at that time had approved construction of that drain. But beyond the September 1948 letter, plaintiff never provided any documents to substantiate the notion that this requested "Williams Drain" ever actually came to fruition.

Defendant, meanwhile, put forth proofs demonstrating that no drain was ever legally established in the area. Specifically, defendant provided a December 1950 commissioner order regarding the construction of the Williams Drain (which plaintiff had referenced but failed to provide himself) as well as that commissioner's formal newspaper notice of his order—both of which were legally required under MCL 280.54 of the Drain Code when attempting to establish and construct a new drain. In addition, defendant provided a July 1952 "petition for cleaning out, relocating, widening, deepening, straightening, tiling, extending, or relocating" the Williams Drain. But defendant also provided a February 1953 order issued by the Calhoun County Probate Court in which the court invalidated all existing and subsequent proceedings related to the Williams Drain because no statutorily mandated "application to locate, establish and construct any such drain known as Williams Drain ha[d] been filed," and so "there [wa]s no such existing drain[.]" See MCL 280.51 (requiring that an "application to locate, establish and construct [a]

---

[3] We note that, on appeal, plaintiff does not challenge whether defendant, in handling plaintiff's 2023 submission, duly complied with MCL 280.51 and MCL 280.52, which generally set forth the procedures that must be followed when an individual files an application to lay out and designate a drainage district in a county. Nor does he argue on appeal that defendant was required, but failed, to comply with the requirements of MCL 280.72. Rather, plaintiff only contends that defendant did not perform his legally mandated duty under MCL 280.196 to repair and maintain an existing county drain. See *Wayne Co Rural Taxpayers Ass'n v Wayne Co Drain Comm'r*, 369 Mich 516, 524; 120 NW2d 217 (1963) (recognizing that MCL 280.196 governs a drain commissioner's "maintenance and repair of an existing drain").

-4-

drain" be filed before the drain commissioner can take any further action regarding the proposed drain). Defendant also testified at the hearing in this case that attempts to establish a drain in the area were previously made, but no drain was ever actually established as a result.

Additionally, it is clear from the record that, for years prior to his 2023 submission, plaintiff had been consistently informed that no drain had been established. Indeed, plaintiff had previously filed an application to establish a drain in the same area in 1998 without success, and plaintiff acknowledged as much in his filings. Plaintiff also expressly acknowledged—and defendant agreed—that he had previously inquired about whether a drain existed in the area and that, pursuant to his repeated requests, he received a formal legal opinion letter from attorneys in defendant's office that Helmer Creek, or the "Williams Drain," was not an established county drain. And this legal opinion letter, for its part, detailed the history of the prior proceedings regarding the Williams Drain and concluded that "the Williams Drain [wa]s NOT an established county drain under the jurisdiction of the Calhoun County Water Resources Commissioner." Plaintiff may very well disagree with that conclusion, but as the trial court duly recognized, nothing he has not offered is sufficient to cast meaningful doubt upon it.

Plaintiff asserts that the trial court failed to make adequate findings on the record to this effect, but the record indicates otherwise. In its written order, the trial court stated that it had rendered its decision after having received and considered all written materials and testimony presented to it by the parties and that its ultimate decision to deny plaintiff's motion and dismiss the case was "for the reasons stated on the record[.]" And at the conclusion of the hearing, after it had reviewed all written submissions and received defendant's testimony, the trial court concluded that defendant "d[id] not have any jurisdiction over this piece of land that [plaintiff] [wa]s asking him to clean or impact by his request." A trial court need not make exceptionally detailed findings on the record so long as its findings are clear enough to facilitate appellate review. See MCL 2.517(A)(2); *Ford Motor Co v Dep't of Treasury*, 313 Mich App 572, 589; 884 NW2d 587 (2015). And here, given the record evidence and arguments before the trial court at the time that it made its decision, its findings in support of that decision are sufficiently clear to facilitate our review of the issue.

In sum, the record supports the trial court's conclusion that there is no existing drain under defendant's jurisdiction such that defendant had a legal duty to clean and maintain the drain pursuant to plaintiff's request. See *McKoy*, 348 Mich App at 612. Because there is no existing drain under defendant's jurisdiction, the remainder of plaintiff's related arguments—which are premised on requirements and remedies fundamentally contingent on the existence of an already-established drain—necessarily fail.[4] Accordingly, we see no reversible error in the trial court's determination that the alleged drain was not within defendant's jurisdiction, or in the court's ultimate decision to dismiss this case. See *id*.; *Bradley*, 345 Mich App at 131; see also *Elba Twp*, 493 Mich at 278.

---

[4] To the extent plaintiff may believe that any part of his case might survive a determination that there was no existing drain under defendant's jurisdiction, he has failed to adequately present any such position for appellate review. See, e.g., *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Managers, LLC*, 282 Mich App 410, 413; 766 NW2d 874 (2009).

Affirmed.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Philip P. Mariani